FRANK HAGGART V. THE STATE.

No. 3645.  Decided June 23, 1915.

**1.—Rape—Other Acts of Sexual Intercourse—Limitation.**

Where, upon trial of rape upon a female under the age of consent, and under the control of the defendant in loco parentis, there was no error in admitting in evidence acts of intimacy and acts of sexual intercourse, even though one of the latter acts of intercourse was barred by limitation. Following Battles v. State, 63 Texas Crim. Rep., 147.  Davidson, Judge, dissenting.

**2.—Same—Charge of Court—Weight of Evidence.**

Where, upon trial of rape upon a female under the age of consent, defendant was properly permitted to introduce evidence showing that all the time the said female was an inmate of his home he gave her the tenderest care and treated her as he would his own child, etc., but the court erred in his charge, wherein he instructed the jury the purpose for which said testimony was admitted, as such charge was on the weight of the evidence.

**3.—Same—Evidence—Declarations of Defendant.**

Where, upon trial of rape upon a female under the age of consent, it was error to admit in evidence the declarations of the defendant, which could have had no reference to the prosecutrix.  Following Tomlin v. State, 25 Texas Crim. App., 676, and other cases.

**4.—Same—Bills of Exception.**

Where certain bills of exception in the record did not show error, it is unnecessary to discuss them.

**5.—Same—Misconduct of Jury—Fair and Impartial Jury—Opinion.**

Where the defendant attached proper affidavits to his motion for a new trial, showing the misconduct of the jury, and that one or more had expressed an opinion before he was taken on the jury, that defendant was guilty and ought to be hanged, a new trial should have been granted.

Appeal from the District Court of Potter.  Tried below before the Hon. Hugh L. Umphres.

Appeal from a conviction of rape upon a female under the age of consent; penalty, ninety-nine years in the penitentiary.

The opinion states the case.

*Reeder & Dooley,* for appellant.—On question of other acts of sexual intercourse:  Duncan v. State, 45 S. W. Rep., 921; Busby v. State, 51 Texas Crim. Rep., 289, 103 S. W. Rep., 638; Wakefield v. State, 94 S. W. Rep., 1046; Woodward v. State, 58 S. W. Rep., 135; Tyrrell v. State, 38 S. W. Rep., 1011; McAnear v. State, 67 S. W. Rep., 117; Bowman v. State, 70 Texas Crim. Rep., 22, 155 S. W. Rep., 939.

On question of declaration of defendant:  Shults v. State, 91 S. W. Rep., 786; Walker v. State, 72 S. W. Rep., 997; Yancey v. State, 76 S. W. Rep., 571; Owens v. State, 39 Texas Crim. Rep., 391; Tomlin v. State, 25 Texas Crim. App., 676.

On question of court's charge on weight of evidence:  Stewart v. State, 69 Texas Crim. Rep., 337, 153 S. W. Rep., 1150; Pannell v. State, 54 Texas Crim. Rep., 498, 113 S. W. Rep., 536; Figaroa v. State, 58 Texas Crim. Rep., 411, 127 S. W. Rep., 193; Nowlin v. State, 175

S. W. Rep., 1070; Beard v. State, 57 Texas Crim. Rep., 323, 123 S. W. Rep., 147; Moore v. State, 59 Texas Crim. Rep., 361, 128 S. W. Rep., 1115; Wadkins v. State, 58 Texas Crim. Rep., 110, 124 S. W. Rep., 959; Beaver v. State, 86 S. W. Rep., 1020; Murray v. State, 56 Texas Crim. Rep., 420, 120 S. W. Rep., 438; Bergstrom v. State, 36 Texas, 336.

C. C. *McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age, and his punishment assessed at ninety-nine years confinement in the State penitentiary.

The facts would show that appellant and O. M. Bowers were engineers on the Fort Worth & Denver Railroad. Mr. Bowers' wife dying several years ago, he married again, and the relations between his second wife and little daughter Helen not being pleasant, he placed her with appellant, who agreed to care for her, and the evidence would show that in so far as keeping her in school, feeding and clothing her, his attention was all that could be desired. At the time of the alleged rape, having then been an inmate of appellant's home for some seven years, Helen testifies that prior to the first act of intercourse appellant had fondled her person, etc. She testified that the first time appellant ever had carnal intercourse with her was on Thursday before school began in September, 1913, and that on that occasion he picked her up in his arms and carried her into a bedroom and had intercourse with her on that occasion; that he had intercourse with her on a number of occasions after that time, but she was not able to fix any dates, except the last act of intercourse, which she says took place about the 15th day of May, 1914,—just after school closed. The only two dates she undertakes to fix is just before school opened in the fall of 1913, and just after school closed in the spring of 1914, but she says it occurred on several other occasions, the dates of which she has nothing to tie her memory, but these two she is specific about. It will be noticed that the entire period testified in regard to covers a period of only about eight or nine months. The indictment in this case is based on the last act of intercourse, which is alleged to have occurred about the 15th day of May, 1914. The indictment was not returned until March 25, 1915. However, the prosecution was instituted by the filing of a complaint some time prior to this time, apparently in December, 1914, shortly after Helen left the home of appellant and returned to her father's home.

The first question presented by appellant is that although this court had held in the case of Battles v. State, 63 Texas Crim. Rep., 147, that in a case of rape of a girl under fifteen years of age, acts of intimacy of the person committing the offense on a young girl might be shown,—even other acts of intercourse—as tending to show the relations existing, yet as the first act testified to was barred by limitation, it was inadmissible. In that case we reviewed the authorities in this State and in other States, and held that the views of Judge Hurt announced in

Sharp v. State, 15 Texas Crim. App., 171, correctly announced the true rule of law. He held:

"The next question presented for a determination is this: 'Were former threats against the girls violent and brutal assaults and batteries, which tended to subjugate the will of the girls to that of the appellant, admissible? Upon the clearest principles of right and justice, as well as by that provision of the Code which expressly authorizes the jury to look to and consider health and strength, *and all other circumstances of the case.* Law should be founded upon reason and common sense. Would any rational man believe that it would require the same character of force or threats to overcome resistance or produce just cause for fear of death or great bodily harm, in a case in which the defendant had, by a course of brutal terrorism, completely subjugated the will of his victim, that it would in a case where the parties were on something like an equal footing—a case in which such control had not been acquired? In the cases at bar the girls were very young—one being only thirteen years old—and for days and months they had been the subjects not only of threats, but of the most brutal treatment, especially the younger girl, Amanda. Can it be questioned that by such treatment the will of this girl, yea, of either, may not have been effectually crushed, and her acts made to conform to the defendant's commands, unaccompanied by either force or threats? We are of the opinion that the former conduct of the defendant toward these girls was properly admitted in evidence."

It is true our decisions had not always been harmonious on this question, but after full investigation we arrived at the conclusion that while "As a general rule, evidence is not admissible to show that the accused has committed a crime wholly distinct from and independent of that for which he is on trial, but there are cases in which evidence of other like offenses by the defendant is relevant and admissible. If several crimes are so intermingled, blended or connected that they form an indivisible criminal transaction and a complete account of the transaction for which the accused is being tried can not be given without showing the others, any or all of them may be usually shown, at least where the offense for which he is being tried is *itself a detail of the whole criminal scheme.* Generally speaking, it may be said that evidence of other crimes is admissible for the purpose of showing—when it fairly tends to do so—motive, intent, the absence of mistake or accident, common scheme, *or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others."*

We think this the true rule of law underlying the decisions not only in this character of case, but in all cases of crime. And while it is true that appellant could not be indicted nor tried at this time, nor at the time the prosecution was begun in this case, for the first act testified to by the little girl, as more than one year had elapsed, but the dealings of the defendant with her from the time she became an inmate of his home would have a tendency to throw light on and show whether

or not their relations—their state of intimacy—were such that appellant probably would and did commit the crime alleged in May, 1914. We discussed this question so thoroughly in the Battles case, supra, we do not deem it necessary to do so again, and hold the court committed no error in admitting the testimony showing the relations existing between appellant and Helen from the time she entered his home until the act complained of is alleged to have been committed. Appellant was permitted, and properly so, to introduce evidence showing that all the time she was an inmate of his home he gave her the tenderest care and treated her as he would his own child, unless guilty of the offense here alleged. These matters throw light on whether or not he would probably have committed the offense alleged, and would aid the jury in passing on that issue, and we might here say that his course of conduct during the whole time is such that would tend strongly to induce one to believe that his contention that Eugene White and not appellant was the father of Helen's baby. However, in holding the testimony admissible, we think the court erred in his charge wherein he instructed the jury the purpose for which said testimony was admitted. The criticism of this paragraph of the charge is that it is upon the weight to be given the testimony as to other acts of intercourse. The criticism is just, and the paragraph is erroneous and harmful, and as worded should not have been given. The court should have instructed the jury that appellant was on trial alone for the act of intercourse alleged to have occurred on or about May 1, 1914, and he could not be convicted of any other act, if they, under the evidence, found from the evidence beyond a reasonable doubt that any other act did occur, and they could not convict for the offense alleged in the indictment to have occurred on May 1, 1914, unless they found he did have carnal knowledge of Helen on or about that date; that they could only consider the evidence of other and different acts of intercourse if the jury found they in fact occurred, for any purpose other than as they might aid them in passing on whether an act of intercourse occurred between the parties on or about the date charged in the indictment, if such evidence would aid them in determining that question. Evidence of intimacy, course of dealing between the parties, and other acts, in this character of case, is admissible solely for the purpose of aiding the jury to determine whether or not an act of intercourse took place at the time charged, as are the appellant's other acts, course of conduct, etc., toward the girl, admissible as tending to show that he would not and did not commit the act complained of.

The objection to the testimony of the witness Fitz that in December, 1913, appellant had said to him he, Haggart, had had intercourse with an eleven-year-old girl, and it was surprising how young a girl a man could have intercourse with, should have been sustained. Helen, the prosecuting witness in this case, was thirteen years old at that time, and appellant, if he made the remark, used no language to individuate her or language that would indicate he had reference to her. (Tomlin

v. State, 25 Texas Crim. App., 676; Yancy v. State, 76 S. W. Rep., 571.) If Helen had been a girl of that age, or appellant had used language that would indicate that he referred to her, the testimony would be admissible.

There are several other bills in the record, but we do not deem it necessary to discuss them, as we do not think they or either of them present error.

In filing his motion for a new trial appellant attaches the affidavit of H. C. McCain, who swears that C. S. Farrar, one of the jurors in this case, said in his presence and hearing prior to being empaneled on the jury, "that he knew Frank Haggart, and he believed that he was guilty of this offense and ought to be hung when tried."

S. H. Taylor swears that another juryman, E. R. Braley, said in his presence and hearing "that he, Braley, knew Frank Haggart was guilty as they ever make them, and he would willingly join a mob to mob him; that he did not believe the people of Potter County ought to let Haggart go to trial, but should mob him publicly."

It is true the two jurors deny making these statements, but Mr. F. W. Dohoney swears that he was present when the juror Farrar was talking in the presence of McCain, and he, Dohoney, had heard the juror say: "There is no question about his guilt. He should either be sent to the penitentiary or hung."

To say the least, these affidavits indicate that perhaps appellant has not had a trial by a fair and impartial jury, and when such affidavits are made, the evidence heard on the hearing for a new trial should show conclusively that the jurors named had not expressed nor held an opinion prior to being empaneled on the jury before refusing to grant a new trial. A man under our law is entitled and should be given a trial by a fair and impartial jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE.—I agree to the reversal of the case, but not all the reasoning, especially the admission of other acts of intercourse. These do not come within any of the exceptions as I have always understood the law.