**R. G. SPARKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35546.**

Court of Criminal Appeals of Texas.

April 3, 1963.

Brown & Shuman, by Clifford Brown, Lubbock, for appellant.

Jack Young, Dist. Atty., Muleshoe, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for rape; the punishment, thirty years.

The testimony of the prosecutrix, age fourteen at the time of the occurrence, is sufficient to support the conviction for the offense of rape. She further testified to separate and previous acts of fondling of her sexual parts by the appellant.

Testifying in his own behalf, the appellant denied that he had ever had intercourse with the prosecutrix, and also denied committing the other acts related by her.

■ Appellant contends that the trial court erred in admitting the testimony of the prior acts between the appellant and the prosecutrix.

■ In prosecutions for statutory rape it is permissible for the state to prove that the accused committed other sexual acts upon the female under the age of consent. 4 Branch 2d 288, Sec. 1962; Head v. State, 160 Tex.Cr.R. 42, 267 S.W.2d 419; Earwood v. State, 161 Tex.Cr.R. 171, 275 S.W.2d 652.

He further insists that the court erred in instructing the jury that they might consider the extraneous acts for the purpose of impeaching the credibility of the appellant.

In response to appellant's objection to the failure of the court to limit the jury's consideration of the extraneous acts, the court instructed the jury as follows:

"You are instructed that the evidence of (the prosecutrix) as to prior and extraneous acts of the defendant, which occurred before the alleged offense, if any, charged in the indictment, is limited as to consideration by you, if you consider it at all, and you may consider same only for the purpose of affecting the credibility of the defendant, if it does so affect his credibility.

"You are the exclusive judges of said evidence, the truth or falsity thereof, and whether or not it does affect the credibility. You must not consider same for any other purpose."

To which the appellant objected on the ground that it was fundamentally erroneous because it instructed the jury that they could consider the extraneous acts testified to by the prosecutrix in passing upon appellant's credibility as a witness.

■ The appellant was entitled to an instruction by the court limiting the jury's consideration of the extraneous acts for the purpose of aiding the jury in determining whether the particular act relied upon by the state was committed. 4 Branch 2d 290, Sec. 1963; Haggart v. State, 77 Tex.Cr.R. 270, 178 S.W. 328; Bates v. State, 165 Tex. Cr.R. 140, 305 S.W.2d 366.

■■ Evidence of specific acts of misconduct against an accused or a witness is not admissible for impeachment purposes. Art. 732a, Vernon's Ann.C.C.P.; 1 Branch 2d 209, Sec. 190; Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. The instruction that the extraneous acts of the appellant in evidence could be considered by the jury for the purpose of impeaching the credibility of the appellant was error which calls for reversal.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.