**Michael Dean MOLANDES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53814.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 20, 1978.

H. L. Edwards, Nacogdoches, for appellant.

David D. Adams, Dist. Atty., Nacogdoches, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder in which punishment was fixed at life. V.T.C.A., Penal Code Sec. 19.03; Art. 37.071, V.A.C.C.P.

The sufficiency of the evidence is not challenged; the three grounds of error raised on appeal are all directed to the court's charge.

 In his first ground of error appellant contends the jury charge erroneously allowed a conviction for capital murder under the law of criminal responsibility for the conduct of another. V.T.C.A., Penal Code Sec. 7.01. He argues that the law of parties does not apply to capital murder and urges that *Smith v. State,* Tex.Cr.App., 540 S.W.2d 693, which he acknowledges is adverse to his position, be overruled. We decline to so hold and overrule the ground of error.

He next asserts the trial court erroneously refused to inform the jury in the charge at the guilt stage of the punishment alternatives for capital murder. The court properly reserved the punishment issues for the punishment stage, as is required under the express terms of Art. 37.071, supra. The ground of error is without merit.

Finally, appellant argues that the jury charge authorizing a "no" verdict under Art. 37.071, supra, on agreement of ten jurors is unconstitutional. He contends this violates the requirement of a unanimous verdict, and cites Art. 5, Sec. 13, Texas Constitution, and Art. 36.29, V.A.C.C.P. The constitutional right to a *unanimous* verdict under the cited provision extends to felony criminal cases. See *Clark v. State,* 161 Tex.Cr.R. 278, 276 S.W.2d 819; cf. *Randel v. State,* 153 Tex.Cr.R. 282, 219 S.W.2d 689. See also Interpretive Commentary to Vernon's Ann.Tex.Const., Art. 5, Sec. 13, in which it is stated:

"Proponents of the unanimous rule at the Constitutional Convention of 1875 claimed that 'cheap justice was injustice', but they were successful only to the extent that the convention retained the unanimous rule in criminal cases of felony."

The provision here under attack, however, inures to the defendant's benefit in that it allows a favorable verdict resulting in life imprisonment to be returned on agreement of ten jurors, whereas the position urged by appellant would require a defendant in such circumstances to face the ordeal of a retrial and the possibility of a death-producing verdict by a new jury. We hold the constitutional right to a unanimous verdict in felony cases extends only to the return of a verdict adverse to the accused, and that the legislature may provide for the return of a verdict favorable to the accused on less than unanimous agreement. As to the contrary statutory rule of Art. 36.29, supra, we hold the special provision of Art. 37.071, supra, controls over the general provision. See *Jones v. State,* Tex.Cr.App., 552 S.W.2d 836. The ground of error is overruled.

The judgment is affirmed.