# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER 1998 SESSION

FILED

December 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 01C01-9710-CC-00457 |
| | ) | |
| Appellee | ) | |
| | ) | Montgomery County |
| vs. | ) | |
| | ) | Honorable John H. Gasaway, Judge |
| **HARRY D. CLARDY,** | ) | |
| | ) | (Theft of property) |
| Appellant. | ) | |

FOR THE APPELLANT:

GREGORY SMITH
(On Appeal Only)
Assistant Public Defender
One Public Square
Suite 321
Clarksville, TN 37040

N. REESE BAGWELL
(At Trial)
Attorney at Law
116 S. Second St.
Clarksville, TN 37040

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

KAREN M. YACUZZO
Assistant Attorney General
Criminal Justice Division
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

JOHN WESLEY CARNEY, JR.
District Attorney General

ARTHUR BIEBER
Assistant District Attorney General
204 Franklin St., Suite 200
Clarksville, TN 37040

OPINION FILED: _____

**AFFIRMED**

JAMES CURWOOD WITT, JR.
JUDGE

**OPINION**

The defendant, Harry D. Clardy, appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from his judgment of conviction in the Criminal Court of Montgomery County for exercising control over stolen property valued at more than $10,000, a Class C felony. He was sentenced to serve fifteen years in the Department of Correction as a Range III, persistent offender. In this appeal, the defendant contends that the evidence is insufficient to establish that the goods stolen were worth more than $10,000 and that the trial in Montgomery County Circuit Court violated due process because the theft occurred in Davidson County. We affirm the judgment of the trial court.[1]

The proof introduced at trial shows that on October 25, 1994 Bobby Gray, an ex-police officer, became suspicious when he saw the driver of a tractor-trailer truck attempt to back into a parking lot at Bellamy Auction in Clarksville. The truck missed the turn and went into a ditch. The back doors came open and several boxes fell out. He recognized the defendant who was standing alongside the vehicle trying to guide it into the lot. Gray called the police on his cellular phone. He continued to watch as the driver jockeyed the truck back and forth in his unsuccessful attempt to back into the lot. Just as the police arrived, the driver pulled the truck into the street near the curb. When the officers ran the VIN numbers they discovered that the tractor belonged to L & M Enterprises in Mississippi, that the trailer was owned by Dollar General Stores Inc., and that L & M did not deliver for Dollar General Stores. At that time, neither business was aware of the theft of its property. The police arrested the defendant and Bobby Joe Hobson, the truck driver.

---

[1] This case is before us on a grant of a delayed appeal. The defendant was sentenced on August 18, 1995. No motion for new trial was filed. On September 14, 1997, the trial court found that the defendant had received ineffective assistance of counsel and was entitled to a delayed appeal. Appointed counsel filed a motion for new trial and an amended motion for new trial. The trial court denied the motions on August 22, 1997, and the notice of appeal was filed four days later.

The resulting police investigation discovered that Hobson, an employee of L & M, left Mississippi on Oct. 23 with a load of furniture to be delivered in Detroit. Hobson had become seriously addicted to crack cocaine, and instead of proceeding to Detroit, he stopped in Nashville and sold the contents of the trailer for $1,400. He abandoned the empty trailer in a lot and spent the money on crack. During the course of the evening, he encountered the defendant and a woman named Mary Bowlin. When the money ran out, Clardy suggested that they pick up a loaded trailer from the lot at RAM-3 Distribution Services. Hobson followed Clardy's directions to the lot and selected a loaded, sealed trailer. Hobson attached the trailer to the "bobtail," and the threesome drove to Clarksville where they attempted to sell the contents of the trailer at Bellamy Auction.[2] Hobson and Bowlin both testified that, at one point, they decided to abandon the trailer. They emptied some of the cartons and packed the goods in the sleeper. Hobson, however, had broken a pin in the "fifth wheel" when he attached the trailer, and he was unable to release the mechanism. Clardy managed to sell a few of the loose items along the road.

According to Nancy Bellamy, Clardy came to Bellamy Auction at about 3:00 p.m. on Oct. 25 and offered to sell her the contents of the trailer. He showed her a blanket, a kerosene lamp, and a tea kettle. She asked him if he had a bill of sale, and when he said that he did, she agreed to take a look at the merchandise. Because of the difficulties Hobson encountered in trying to back into the parking lot and the arrival of the police, she never actually saw any of the merchandise in the vehicle.

At trial, Mark Spencer, Dollar General Corporation's traffic manager, testified that the trailer itself was worth approximately $7,000. He submitted a

---

[2] Hobson and Bowlin testified to these events at trial. Hobson pleaded guilty to exercising control over stolen property valued at more than $10,000 and received three years on probation. At the time of Clardy's trial, he was awaiting trial in Mississippi on embezzlement charges. Bowlin was not indicted.

detailed summary sheet which specified the exact contents of the trailer and their value. According to the summary, the trailer contained 1,364 cartons valued at $47,089.[3] When he examined the trailer, approximately 30 or 40 of the cartons were missing; however, the cab's sleeper was packed full of blankets and other items.

After hearing the testimony, the jury found the defendant guilty of theft of property valued at more than $10,000. The defendant now complains that the evidence at trial is legally insufficient to support his conviction. We disagree.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is, whether after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, a convicted defendant has the burden of demonstrating on appeal that the evidence is insufficient. State v, Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 250, 253 (Tenn. Crim. App. Tenn. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d

---

[3] At trial, Spencer testified that the cartons numbered 1,381. Our calculations based on the summary indicate that the number was 1,364. The actual number is not of any particular significance in this instance.

4

833, 835 (Tenn. 1978). This court may not substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856,859 (1956), cert. denied 325 U.S. 845, 77 S. Ct. 39 (1956); Farmer v. State, 574 S.W.2d 2d 49, 51 (Tenn. Crim. App. 1978). It is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offenses beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S. Ct. 2781, 2789; State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e).

The defendant contends that the record does not prove that the value of the stolen property exceeded $10,000. Our legislature has defined theft of property as follows:

> A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

Tenn. Code Ann. § 39-14-103 (1997). Another section grades the offense of theft according to the value of the property involved. Theft is a Class D felony if the value of the property obtained is more than $1,000 but less than $10,000. Tenn. Code Ann. § 39-14-105(3) (1997). If the property is valued at more than $10,000 but less than $60,000, theft is a Class C felony. Tenn. Code Ann. § 39-14-105(4).

Bobby Gray, Nancy Bellamy, and one other witness testified that the defendant was with the stolen vehicle and that he attempted to sell at least some of its contents. Bobby Hobson and Mary Bowlin testified that the defendant directed them to the lot where the trailer was parked, that he was present when the trailer was stolen, that he rode with them to Clarksville, and that he actively participated in the attempts to dispose of the stolen merchandise. The representative of the Dollar General Stores testified that the trailer itself was worth about $7,000. The company records introduced at trial indicate the value of the merchandise was more than $47,000.

Although it is true that there is no direct proof that the trailer was actually loaded with the merchandise, a criminal offense may be established exclusively by circumstantial evidence. Duchac v. State, 505 S.W.2d 237 (Tenn. 1973); State v. Jones, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995); State v. Lequire, 634 S.W.2d 608 (Tenn. Crim. App. 1987). The circumstantial evidence in the record is more than sufficient for a rational jury to conclude that the cartons listed on the summary sheet were actually loaded onto the trailer.

First, Hobson testified that he and the defendant looked for a trailer with a seal because they knew that a seal indicated that the trailer was full. He also testified that he removed the seal from the trailer and threw it away. Hobson described the trailer as being filled with cartons "from top to bottom and front to back." Nancy Bellamy and Bobby Gray saw cartons fall out of the truck when it backed into the ditch. Charles William Poff testified that the defendant approached him with a blanket and a kerosene lamp and asked him where he could sell a truckload of such merchandise. Moreover, the summary provided by Dollar General Stores indicates that the cartons contained a variety of merchandise including blankets, kerosene lamps, and tea kettles. Piles of blankets and other items were found in the cab of the truck.

The defendant contends that both Hobson and Bowlin are liars and that their testimony is incredible. This court, however, does not determine the credibility of the witnesses or the weight and value of the evidence State v. Cabbage, 571 S.W.2d 833, 835 (Tenn. 1978). The jury as the trier of fact resolves any conflicts in the testimony as well as issues of credibility and weight. Id. In this instance, the jury accredited the evidence presented by the state's witnesses and resolved the conflicting testimony in favor of the state.

The evidence is more than sufficient to prove beyond a reasonable doubt that the goods described in the Dollar General Stores' paperwork was in the

trailer when Hobson and the defendant removed it from the RAM-3 lot in Nashville without the consent of its owner. The evidence is also legally sufficient to show that the defendant unlawfully and knowingly exercised control over the stolen property in Clarksville. According to Dollar General's invoices, the value of the load was in excess of $47,000. The trailer was valued at $7,000. We find that the state established beyond a reasonable doubt that the value of the stolen property was greater than $10,000. The defendant's challenge to the sufficiency of the evidence is without merit.

In his amended motion for new trial, the defendant contended that the trial court lacked jurisdiction to try him in Montgomery County as the theft occurred in Davidson County. On appeal, he argues that Rule 18 of the Tennessee Rules of Criminal Procedure violates due process because it allows a case to be tried in multiple venues. It is well established in this state that a party may not take one position regarding an issue in the trial court, change its strategy or theory in midstream, and advocate a different ground or reason in this Court. See State v. Aucoin, 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988), State v. Dobbins, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988). Therefore, the issue is waived. See Tenn. R. App. P. 36(a).

Moreover, the general rule is that an offense shall be prosecuted in the county where the offense was committed. Tenn. R. Crim. P. 17(a). In this instance, the defendant was charged with theft by exercising control over the loaded Dollar General box trailer in Montgomery County with the intent to deprive

7

the Dollar General Stores of that property. The proof at trial overwhelmingly demonstrates that he was in possession of the property and that he exercised control over that property. He showed the merchandise which he and his co-defendant removed from the cartons to at least two persons in an attempt to sell it, and, in fact, he sold a few of the items for twenty dollars. Without question, these actions took place in Montgomery County. Even though the trailer was stolen from a lot in Davidson County, the defendant committed the offense for which he was indicted in Montgomery County. On these facts, no viable issue exists concerning either the trial court's jurisdiction or the constitutionality of Rule 18(b).[4]

For the reasons discussed above, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge



_____
THOMAS T. WOODALL, Judge

---

[4] The rule provides that if one or more elements of an offense are committed in one county and other elements are committed in a second county, the state may prosecute the offense in either county. Tenn. R. Crim. P. 18(b).