IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1999 SESSION

FILED

March 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9803-CR-00124 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. FRANK G. CLEMENT, JR., |
| SEAN ASHLEY TAYLOR, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Driving Under the Influence) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


KARL DEAN                             JOHN KNOX WALKUP
District Public Defender             Attorney General & Reporter

HOLLIS I. MOORE, JR.                 DARYL J. BRAND
Asst. Public Defender                Asst. Attorney General
1202 Stahlman Bldg.                  Cordell Hull Bldg., 2nd Fl.
Nashville, TN 37201                  425 Fifth Ave., North
                                     Nashville, TN 37243-0493

                                     VICTOR S. JOHNSON, III
                                     District Attorney General

                                     EDWARD S. RYAN
                                     Asst. District Attorney General
                                     222 Second Ave., South
                                     Nashville, TN 37201


OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

The Davidson County grand jury indicted the defendant on one count of driving under the influence, first offense. Following a trial, a jury convicted him of the charged offense. Immediately following the verdict, the trial judge sentenced him to eleven months, twenty-nine days with all but two days suspended and two hundred hours of public service work. The trial judge also revoked the defendant's driving privileges, required that he attend an alcohol treatment program, and assessed a fine of three hundred fifty dollars ($350). The defendant now appeals and argues that the evidence was insufficient to support his conviction and that his sentence is improper. After a review of the record and applicable law, we find no merit to the defendant's arguments and, therefore, affirm the judgment of the trial court.

In the early morning hours of February 11, 1995, Officer Hunsaker of the Metropolitan Police Department was flagged down by an employee of the Classic Cat. Officer Hunsaker went inside the club and found the defendant asleep at one of the tables with a half-empty bottle of scotch in his lap. Officer Hunsaker shook the defendant's shoulder and after the defendant woke, asked him if he needed a ride home. At this point, Officer Hunsaker noticed a "strong odor of alcohol" on the defendant and that the defendant seemed uncoordinated. According to Officer Hunsaker, the defendant said he did not need a ride because "he had someone coming to get him." Officer Hunsaker then left the club and went to his car. While in his car, Officer Hunsaker saw the defendant walk out of the bar, get into his car, and drive away. Officer Hunsaker then followed the defendant and observed that his car was "weaving in and out of the center-turn lane." Officer Hunsaker activated his emergency equipment at which point the defendant made a wide left turn and hit the grass area located off of the shoulder of the road. After the defendant came to a complete stop, Officer Hunsaker approached the

car.  Officer Hunsaker testified that after he asked the defendant to step out of the car, the defendant used the door to brace himself and get out of the car.  According to Officer Hunsaker, the defendant seemed disoriented, unsteady, and unresponsive.  Additionally, the defendant's eyes were bloodshot, his speech was slurred, and he smelled of alcohol.  Based upon his observations, Officer Hunsaker believed that the defendant was intoxicated and asked the defendant to submit to a field alcohol test.  The defendant refused and was placed under arrest for driving under the influence.  The defendant then refused to submit to a breath-alcohol test.  Upon arrival at the police station, the defendant again refused to consent to a breath-alcohol test.  The bottle of scotch the defendant had in the bar was subsequently found in the defendant's car.

As his first issue, the defendant contends that the verdict is not supported by sufficient evidence.  A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case.  This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d

3

832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The defendant argues that his conviction rests entirely on the testimony of Officer Hunsaker and, as Officer Hunsaker's testimony was filled with inconsistencies, the jury did not have sufficient evidence upon which to convict the defendant. The defendant also complains the jury "refused to credit any of the defendant's testimony." However, as previously stated, the credibility of the witnesses is determined by the trier of fact, not this Court. The jury obviously believed Officer Hunsaker's testimony over that of the defendant. As this was entirely within the province of the jury, this contention is without merit.

The defendant next contends that the trial court erred in sentencing him to serve forty-eight hours in jail in addition to two hundred hours of public service work. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

4

The defendant argues that T.C.A. § 55-10-403(n) allows the trial judge to sentence a defendant convicted of driving under the influence, first offense, to the minimum period of confinement set out in subsection (a) or to two hundred hours of public service work, but not both. However, the defendant fails to address T.C.A. § 55-10-403(a)(1) which states,

> After service of at least the minimum sentence day for day, the judge has the discretion to require an individual convicted of a violation of the provisions of §§ 55-10-401 - 55-10-404 to remove litter from the state highway system, public playgrounds, public parks or other appropriate locations for any prescribed period or to work in a recycling center or other appropriate location for any prescribed period of time in lieu of or in addition to any of the penalties otherwise provided in this section . . . .

T.C.A. § 55-10-403(a)(1) (emphasis added). This statute gives the trial judge the authority to sentence a defendant to public service work in addition to a period of confinement. Such public service work can include the removal of litter from certain areas or work in a recycling center or "other appropriate location." This section also gives the judge the authority to sentence a defendant to perform public service work "for any prescribed period of time."

Here, the trial judge sentenced the defendant to two hundred hours of public service work. Under § 55-10-403(a), he had the statutory authority to do so while simultaneously imposing a sentence of incarceration. Therefore, the defendant's contention is without merit.

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
THOMAS T. WOODALL, Judge