COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO. 2-03-456-CR

 

JASON EARL
WHITE                                                            APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Jason Earl
White appeals from his conviction for aggravated sexual assault.  In three points, he contends that the trial
court erred by refusing to require the State to elect the act upon which it
would rely for conviction and by admitting videotaped testimony of the
complainant.  We reverse.








On October 11,
2002, ten-year-old A.V. told a school guidance counselor that she did not feel
safe at home.  The guidance counselor
invited A.V. to come to her office and discuss why she did not feel safe.  Over the next four hours, A.V. told her that
appellant had been sexually abusing her. 
She said that appellant had touched her Amiddle@ or Awee-wee@ with his stick, put his Astick thing@ in
her mouth about twenty times, and penetrated her vagina with either a corn dog
or a plastic tube.  She also described
two incidents of vaginal intercourse in detail.

A.V. first recalled
appellant driving her to a place where he worked with cows, telling her to
climb over a fence, and leading her down a path.  When they reached a rock, appellant instructed her to take off
her clothes, lie on the rock, and close her eyes.  He then had vaginal intercourse with her. 

The second incident
A.V. described involved a game called ABarbie
Says.@ During the game, appellant would tell A.V. to take an
article of clothing off of her Barbie doll and then to remove an article of her
own clothing.  Appellant also undressed
during the game, and, when all clothing had been removed, appellant again had
vaginal intercourse with A.V. 

The guidance
counselor notified Child Protective Services (ACPS@) of A.V.=s
outcry.  A CPS worker went to A.V.=s school and interviewed her that day.  The interview was videotaped and the
guidance counselor was present during the interview per A.V.=s request. 








On the video, A.V.
described appellant=s first, second, and last acts of sexual intercourse
with her in great detail.  Her
descriptions of the first and second acts were nearly identical to those she
gave to the guidance counselor.  In addition,
she told the CPS worker that appellant last had sexual intercourse with her
after they had played a game similar to ABarbie
Says.@  On that
occasion, the game was played with a baby doll instead of a Barbie doll, and
appellant asked A.V. to wear a dress that was too small for her.  When the CPS worker asked A.V. whether
appellant had touched any other part of her body with his Astick thing,@
A.V. indicated that appellant had touched her bottom but not her mouth.  After prompting from the guidance counselor,
however, A.V. disclosed an episode of oral sex. 

Appellant was
charged with aggravated sexual assault. 
At trial, the State presented the testimony of A.V.=s guidance counselor, the doctor who performed A.V.=s medical examination, the CPS worker who interviewed
A.V., and A.V.

At the close of
evidence, appellant moved for the trial court to require the State to elect the
specific act for which it was seeking a conviction.  The trial court denied the motion.  The jury found appellant guilty of aggravated sexual assault and
assessed punishment at forty years=
incarceration.








In his first point,
appellant contends that the trial court erred by failing to require the State
to elect the act upon which it would rely for conviction.

Generally, when an
indictment alleges one act of intercourse and more than one act of intercourse
is shown by the evidence in a sexual assault case, upon a timely request by the
defendant, the State must elect the act upon which it will rely for conviction.
 O'Neal v. State, 746 S.W.2d 769,
771 (Tex. Crim. App. 1988); Crawford v. State, 696 S.W.2d 903, 905 (Tex.
Crim. App. 1985); Mayo v. State, 17 S.W.3d 291, 298 (Tex. App.CFort Worth 2000, pet. ref'd).  The trial court may order the State to make
its election at any time prior to the resting of the State's case in chief.  Scoggan v. State, 799 S.W.2d 679, 680 n.3
(Tex. Crim. App. 1990); O=Neal, 746 S.W.2d at 772.  Once the State 








rests its case in chief, however,
the trial court must order the State to make its election.  O=Neal, 746
S.W.2d at 772.  Failure to do so
constitutes error.  Id. In this case, the indictment alleged one
act of sexual intercourse,[2]
the State presented evidence of at least three discrete acts of sexual
intercourse, and appellant made a timely request[3]
for the trial court to require the State to elect the act upon which it was
relying for conviction.  Therefore, the
trial court erred by refusing to order the State to make an election.  See id.

Having found error,
we must conduct a harm analysis to determine whether the error calls for
reversal of the judgment.  Tex. R. App. P. 44.2.  If the error is constitutional, we apply
rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the
error did not contribute to appellant=s
conviction or punishment.  Tex. R. App. P. 44.2(a).  Otherwise, we apply rule 44.2(b) and
disregard the error if it does not affect the appellant=s substantial rights. 
Tex. R. App. P. 44.2(b); see
Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Coggeshall
v. State, 961 S.W.2d 639, 642-43 (Tex. App.CFort Worth 1998, pet. ref=d).  Therefore, our harm analysis turns on
whether the trial court=s refusal to order the State to elect was
constitutional or nonconstitutional error.








A criminal
defendant has a statutory and state constitutional right to a unanimous jury
verdict.  Ngo v. State, No.
PD-0504-04, 2005 WL 600353, at *6 (Tex. Crim. App. March 16, 2005); Molandes
v. State, 571 S.W.2d 3, 4 (Tex. Crim. App. 1978).  The statutory right is expressly contained in article 36.29 of
the code of criminal procedure, which provides: ANot less than twelve jurors can render and return a verdict in a felony
case.  It must be concurred in by each
juror and signed by the foreman.@  Tex.
Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2004-05).  Although our state=s constitution does not expressly grant a criminal
defendant the right to a unanimous jury verdict, the court of criminal appeals
has held that such a right is implicit in the constitution=s provision allowing nonunanimous verdicts in civil
cases.[4]
Molandes, 571 S.W.2d at 4; see Tex.
Const. art. V, ' 13.








One of the purposes
of the election requirement is to ensure unanimous jury verdicts.  Ngo, 2005 WL 600353, at *6; Farr, 140
S.W.3d at 898 n.3; Phillips v. State, 130 S.W.3d 343, 351 (Tex. App.CHouston [14th Dist.] 2004, pets. granted & ref=d).  When the
State is forced to elect, all of the jurors must find a defendant guilty of the
same act in order to convict him. 
Conversely, when the State introduces evidence of more than one act of
intercourse but does not elect the act upon which it is relying for conviction,
the jury could unanimously convict a defendant for committing sexual assault
without agreeing on which act he committed. 
This result would violate a defendant=s
right to a unanimous jury verdict because each act of intercourse constitutes a
separate offense.  Ex Parte Goodbread,
967 S.W.2d 859, 861 (Tex. Crim. App. 1998); Vernon v. State, 841 S.W.2d
407, 410 (Tex. Crim. App. 1992).         Because
appellant has a state constitutional right to a unanimous jury verdict, and
because the State=s failure to elect may have compromised that right, we
conclude that the error in this case was constitutional.  Therefore, we will analyze the harm under
rule 44.2(a).  See Tex. R. App. P. 44.2(a).








After reviewing the
record, we cannot determine beyond a reasonable doubt that the trial court=s refusal to order the State to elect did not
contribute to appellant=s conviction or punishment.  See id.  The record contains detailed accounts
of the outdoor encounter, the ABarbie Says@ game, and the baby doll incident.  The State emphasized the initial outdoor
encounter and the ABarbie Says@
game by presenting three forms of evidence to support each of those acts[5]
and mentioning those acts during its closing argument.  The evidence did not clearly indicate which
of those two acts the State was relying on for conviction.  See O'Neal, 746 S.W.2d at 772‑73
(holding that failure to elect was harmless where the evidence clearly
indicated which act the State was relying upon for conviction); Bates v.
State, 165 Tex. Crim. 140, 305 S.W.2d 366, 368 (1957) (holding that failure
to elect was reversible error where the evidence did not clearly indicate which
act the State was relying on for conviction). 
Therefore, some jurors may have convicted appellant because they
believed that he committed sexual assault during the ABarbie Says@
game but not the outdoor encounter, and vice versa.  See Farr, 140 S.W.3d at 900-01; Phillips, 130
S.W.3d at 353‑54.  Because the
trial court=s refusal to order the State to elect potentially
allowed the jury to convict appellant without reaching a unanimous verdict, we
cannot determine beyond a reasonable doubt that the error did not contribute to
appellant=s conviction. 
Accordingly, we sustain appellant=s
first point.

Because this point
is dispositive of the appeal, we need not address appellant=s other points. 
The trial court=s judgment is reversed and the cause is remanded for a
new trial.

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: September 15, 2005











[1]See Tex. R. App. P. 47.4.





[2]The indictment alleged that Aon or about the first day of June 2002, and before the
presentment of this indictment, in Hood County, Texas, [appellant] did then and
there intentionally or knowingly cause the penetration of the female sexual
organ of [A.V.], a child younger than fourteen years of age who was not the
spouse of [appellant], by [appellant=s]
penis.@       





[3]Appellant=s
election request at the close of evidence was timely.  See Farr v. State, 140 S.W.3d 895, 898
(Tex. App.CHouston [14th Dist.] 2004, no pet.) (holding that
request for election made during charge conference was timely).





[4]AProponents of the unanimous rule at the Constitutional
Convention of 1875 claimed that >cheap
justice was injustice,= but they were successful only to the extent that the
convention retained the unanimous rule in criminal cases of felony.@  Tex. Const. art. V, ' 13 interp. commentary (Vernon 1993).





[5]A.V.=s and the guidance
counselor=s testimony and the CPS videotape all contained vivid
descriptions of these acts.