WHITE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-456-CR

JASON EARL WHITE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jason Earl White appeals from his conviction for aggravated sexual assault.  In three points, he contends that the trial court erred by refusing to require the State to elect the act upon which it would rely for conviction and by admitting videotaped testimony of the complainant.  We reverse.

On October 11, 2002, ten-year-old A.V. told a school guidance counselor that she did not feel safe at home.  The guidance counselor invited A.V. to come to her office and discuss why she did not feel safe.  Over the next four hours, A.V. told her that appellant had been sexually abusing her.  She said that appellant had touched her “middle” or “wee-wee” with his stick, put his “stick thing” in her mouth about twenty times, and penetrated her vagina with either a corn dog or a plastic tube.  She also described two incidents of vaginal intercourse in detail.

A.V. first recalled appellant driving her to a place where he worked with cows, telling her to climb over a fence, and leading her down a path.  When they reached a rock, appellant instructed her to take off her clothes, lie on the rock, and close her eyes.  He then had vaginal intercourse with her. 

The second incident A.V. described involved a game called “Barbie Says.” During the game, appellant would tell A.V. to take an article of clothing off of her Barbie doll and then to remove an article of her own clothing.  Appellant also undressed during the game, and, when all clothing had been removed, appellant again had vaginal intercourse with A.V. 

The guidance counselor notified Child Protective Services (“CPS”) 
of A.V.’s outcry.  A CPS worker went to A.V.’s school and interviewed her that day.  The interview was videotaped and the guidance counselor was present during the interview per A.V.’s request. 

On the video, A.V. described appellant’s first, second, and last acts of sexual intercourse with her 
in great detail. 
 Her descriptions of the first and second acts were nearly identical to those she gave to the guidance counselor. 
 In addition, she told the CPS worker that appellant last had sexual intercourse with her after they had played a game similar to “Barbie Says.” 
 On that occasion, the game was played with a baby doll instead of a Barbie doll, and appellant asked A.V. to wear a dress that was too small for her. 
 
When the CPS worker asked A.V. whether appellant had touched any other part of her body with his “stick thing,” A.V. indicated that appellant had touched her bottom but not her mouth. 
 After prompting from the guidance counselor, however, A.V. disclosed an episode of oral sex.
 

Appellant was charged with aggravated sexual assault.  At trial, the State presented the testimony of A.V.’s guidance counselor, the doctor who performed A.V.’s medical examination, 
the CPS worker who interviewed A.V., and A.V.

At the close of evidence, appellant moved for the trial court to require the State to elect the specific act for which it was seeking a conviction.  The trial court denied the motion.  The jury found appellant guilty of aggravated sexual assault and assessed punishment at forty years’ incarceration.

In his first point, appellant contends that the trial court erred by failing to require the State to elect the act upon which it would rely for conviction.

Generally, when an indictment alleges one act of intercourse and more than one act of intercourse is shown by the evidence in a sexual assault case, upon a timely request by the defendant, the State must elect the act upon which it will rely for conviction. 
 O'Neal v. State
, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988); 
Crawford v. State
, 696 S.W.2d 903, 905 (Tex. Crim. App. 1985); 
Mayo v. State
, 17 S.W.3d 291, 298 (Tex. App.—Fort Worth 2000, pet. ref'd).  The trial court may order the State to make its election at any time prior to the resting of the State's case in chief. 
 Scoggan v. State
, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); 
O’Neal
, 746 S.W.2d at 772.  Once the State 

rests its case in chief, however, the trial court must order the State to make its election.  
O’Neal
, 746 S.W.2d at 772.  Failure to do so constitutes error.  
Id. 
In this case, the indictment alleged one act of sexual intercourse,
(footnote: 2) the State presented evidence of at least three discrete acts of sexual intercourse, and appellant made a timely request
(footnote: 3) for the trial court to require the State to elect the act upon which it was relying for conviction.  Therefore, the trial court erred by refusing to order the State to make an election.  
See id.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to appellant’s conviction or punishment.  
Tex. R. App. P.
 44.2(a).  Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect the appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).  Therefore, our harm analysis turns on whether the trial court’s refusal to order the State to elect was constitutional or nonconstitutional error.

A criminal defendant has a statutory and state constitutional right to a unanimous jury verdict.  
Ngo v. State
, No. PD-0504-04, 2005 WL 600353, at *6 (Tex. Crim. App. March 16, 2005); 
Molandes v. State
, 571 S.W.2d 3, 4 (Tex. Crim. App. 1978).  
The statutory right is expressly contained in article 36.29 of the code of criminal procedure, which provides: “Not less than twelve jurors can render and return a verdict in a felony case.  It must be concurred in by each juror and signed by the foreman.”  
Tex. Code Crim. Proc. Ann.
 art. 36.29 (Vernon Supp. 2004-05).  Although our state’s constitution does not expressly grant a criminal defendant the right to a unanimous jury verdict, the court of criminal appeals has held that such a right is implicit in the constitution’s provision allowing nonunanimous verdicts in civil cases.
(footnote: 4) 
Molandes, 
571 S.W.2d at 4; 
see
 
Tex. Const
. art. V, § 13.

One of the purposes of the election requirement is to ensure unanimous jury verdicts.  
Ngo, 
2005 WL 600353, at *6; 
Farr, 
140 S.W.3d at 898 n.3; 
Phillips v. State, 
130 S.W.3d 343, 351 (Tex. App.—Houston [14th Dist.] 2004, pets. granted & ref’d).  When the State is forced to elect, all of the jurors must find a defendant guilty of the same act in order to convict him.  Conversely, when the State introduces evidence of more than one act of intercourse but does not elect the act upon which it is relying for conviction, the jury could unanimously convict a defendant for committing sexual assault without agreeing on which act he committed.  This result would violate a defendant’s right to a unanimous jury verdict because each act of intercourse constitutes a separate offense.  
Ex Parte Goodbread
, 967 S.W.2d 859, 861 (Tex. Crim. App. 1998); 
Vernon v. State
, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992). Because appellant has a state constitutional right to a unanimous jury verdict, and because the State’s failure to elect may have compromised that right, we conclude that the error in this case was constitutional.  Therefore, we will analyze the harm under rule 44.2(a).  
See
 
Tex. R. App. P.
 44.2(a).

After reviewing the record, we cannot determine beyond a reasonable doubt that the trial court’s refusal to order the State to elect did not contribute to appellant’s conviction or punishment.  
See id. 
 
The record contains detailed accounts of the outdoor encounter, the “Barbie Says” game, and the baby doll incident.  The State emphasized the initial outdoor encounter and the “Barbie Says” game by presenting three forms of evidence to support each of those acts
(footnote: 5) and mentioning those acts during its closing argument.  The evidence did not clearly indicate which of those two acts the State was relying on for conviction.  
See O'Neal
,
 
746 S.W.2d at 772-73 (holding that failure to elect was harmless where the evidence clearly indicated which act the State was relying upon for conviction); 
Bates v. State
, 165 Tex. Crim. 140, 305 S.W.2d 366, 368 (1957) (holding that failure to elect was reversible error where 
the evidence did not clearly indicate which act the State was relying on for conviction).  Therefore, some jurors may have convicted appellant because they believed that he committed sexual assault during the “Barbie Says” game but not the outdoor encounter, and vice versa.  
See
 
Farr, 
140 S.W.3d at 900-01; 
Phillips, 
130 S.W.3d at 353-54.  Because the trial court’s refusal to order the State to elect potentially allowed 
the jury to convict appellant without reaching a unanimous verdict, we cannot determine beyond a reasonable doubt that the error did not contribute to appellant’s conviction.  Accordingly, we sustain appellant’s first point.

Because this point is dispositive of the appeal, we need not address appellant’s other points.  The trial court’s judgment is reversed and the cause is remanded for a new trial.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 15, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The indictment alleged that “on or about the first day of June 2002, and before the presentment of this indictment, in Hood County, Texas, [appellant] did then and there intentionally or knowingly cause the penetration of the female sexual organ of [A.V.], a child younger than fourteen years of age who was not the spouse of [appellant], by [appellant’s] penis.” 

3:
Appellant’s election request at the close of evidence was timely. 
 See Farr v. State
, 140 S.W.3d 895, 898 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that request for election made during charge conference was timely).

4:
“Proponents of the unanimous rule at the Constitutional Convention of 1875 claimed that ‘cheap justice was injustice,’ but they were successful only to the extent that the convention retained the unanimous rule in criminal cases of felony.”  
Tex. Const
. art. V, § 13 interp. commentary (Vernon 1993).

5:
A.V.’s and the guidance counselor’s testimony and the CPS videotape all contained vivid descriptions of these acts.