IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

February 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9803-CC-00131 |
| Appellee, | ) | |
| | ) | MARSHALL COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| WILEY ANTHONY TIPTON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Violation of Worthless Check Law - Over One-Thousand ($1000.00) Dollars) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**GREGORY D. SMITH**                    **JOHN KNOX WALKUP**
Contract Appellate Defender            Attorney General & Reporter
One Public Square, Suite 321
Clarksville, TN  37040                 **DARYL J. BRAND**
          (On Appeal)                  Asst. Attorney General
                                       Cordell Hull Bldg., 2nd Fl.
**DONNA HARGROVE**                     425 Fifth Ave. North
District Public Defender               Nashville, TN  37243

**MICHAEL D. RANDLES**                 **MIKE MCCOWN**
Asst. District Public Defender         District Attorney General
P.O. Box 1119
Fayetteville, TN  37334                **WEAKLEY E. BARNARD**
          (At Trial & On Appeal)       Asst. District Attorney General
                                       Marshall County Courthouse
                                       Lewisburg, TN  37091




OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was found guilty by a jury of passing a worthless check in violation of T.C.A. § 39-14-121. The trial court sentenced the defendant as a Range I standard offender to two and one-half years in the Tennessee Department of Correction with all but sixty days suspended and four years probation. The defendant filed a motion for a new trial, which was denied by the trial court. The defendant now appeals and argues that the evidence was insufficient to sustain his conviction and that his sentence is excessive.

After a review of the record and the applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the court below.

The defendant's conviction arose out of a business transaction with the victim, Alpha Sign Company. The defendant was a sticker vendor and regularly sold merchandise produced by the victim. Normally the defendant would place an order for certain stickers and the victim would fill the order on a consignment basis. The defendant was not required to pay for the stickers until after he had sold them. However, in April 1995, the defendant had a substantial outstanding balance regarding the volume of stickers he had in his possession versus the amount he had paid the victim for those stickers. As such, the owners and operators of Alpha Sign Company had a meeting with the defendant in order to come to some type of agreement regarding payment. The owners of Alpha Sign Company, Mr. and Mrs. Hamilton, testified that they decided to continue doing business with the defendant on the condition that he pay up front for any stickers he ordered that day instead of paying on a consignment basis. The defendant then gave Mr. and Mrs. Hamilton a check for fourteen hundred dollars ($1400), which they later deposited in their account. The Hamiltons testified that the check was payment

2

for the stickers they sold to him on the day of the meeting. The check subsequently "bounced." At trial the defendant admitted that he gave the Hamiltons the check, but that he asked them to hold it until he was able to pay its balance. However, Mr. and Mrs. Hamilton testified that the defendant insisted the check was "good" when he gave it to them and without such an assurance they never would have let the defendant leave their place of business with any of their inventory.

The defendant first contends that the evidence with which he was convicted was insufficient to sustain his conviction because the victims had good and sufficient reason to believe the check would bounce before they tried to deposit it.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d

3

832, 835 (Tenn. 1978).

The defendant contends that he told the Hamiltons to hold the check and therefore they were on notice that the check would bounce if they tried to deposit it. The defendant further argues that although the Hamiltons testified that the defendant never told them to hold the check or indicated in any way that the check might bounce, they were lying. However, questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). As it appears that the jury accredited the Hamiltons' testimony over that of the defendant, as is within their province, this contention is without merit.

The defendant next argues that his sentence is excessive. The trial court sentenced the defendant to two and one-half years in the Tennessee Department of Correction to be served as four years on probation and sixty days in jail. The defendant argues he should have been given the minimum presumptive sentence of two years on probation.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing

4

principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

In this case, it is clear the trial court carefully considered applicable enhancement and mitigating factors and all relevant facts and circumstances. The trial court noted the defendant's previous criminal history and behavior as a factor in determining the length of the sentence. The defendant had been arrested in Texas for possession of marijuana and admitted entering a guilty plea to that charge. The defendant also admitted to illegal drug use in the past. In addition, the trial court noted the defendant's apparent untruthfulness regarding supposed exculpatory evidence that was never produced. As such, the defendant has failed to overcome the presumption that his sentence was correct. There being no abuse of discretion on behalf of the trial court, we affirm the defendant's sentence.

For the foregoing reasons, we affirm the defendant's conviction and sentence.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
JERRY L. SMITH, Judge

5