### LEWIS WEBB v. THE STATE.

#### No. 4096.   Decided June 14, 1916.

**1.—Assault to Rape—Other Acts of Sexual Intercourse.**

In trials of assaults to rape upon a female under age of consent, and cases for this character of offense, other acts of sexual intercourse upon prosecutrix than the one upon which the prosecution is based, occurring along. about the same time, are admissible in evidence.   Following Battles v. State, 63 Texas Crim. Rep., 147.

**2.—Same—Evidence—Family Relations.**

Where, upon trial of assault .to rape, it was shown that the families of both defendant and the alleged assaulted girl were on intimate social relations, the defendant should have been permitted to show that after the alleged assaults upon proscutrix and notice thereof to her mother and other members of her family, the social relationship between the respective families continued somewhat the same as before said claimed assaults, and it was improper to limit the jury to the consideration of such testimony solely for the purpose of impeaching said mother or other members of the family.

**3.—Same—Evidence—Intent—Other Offenses.**

When intent is an element of the offense and the testimony of the accused or other testimony should tend to show that an act otherwise illegal was committed without any intent to commit the offense charged, then such other like act can be proved for the purpose of showing tne intent of the accused, but where the defendant did not testify and there was no such issue raised, other like offenses could not be introduced in evidence, and consequently impeaching testimony thereof was inadmissible.   Following Gray v. State, 178 S. W. Rep., 337.

**4.—Same—Intent—Sexual Intercourse—Assault to Rape—Rule Stated.**

It is now considered the settled rule in this State that if a man take hold of a girl under fifteen years of age and handle her in such manner as under the circumstances to show a present intent on his part to have sexual intercourse with her, with or without her consent, he would be guilty of an assault with intent to rape, and it is not necessary that other force should be used. Following Cromenas v. State, 59 Texas Crim. Rep., 611, and other cases.

**5.—Same—Aggravated Assault—Charge of Court.**

Where, upon trial of assault with intent to rape, the evidence did not raise the issue of aggravated assault, there was no error in the court's failure to charge thereon.

**6.—Same—Other Offenses—Impeaching Testimony—Limiting Testimony.**

If upon another trial, testimony of other offenses should be admitted in evidence, as to other alleged assaults with intent to rape, etc., the court should

properly limit said testimony as to whether such assaults were made with the intent to rape.

Appeal from the District Court of Callahan.    Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of assault with intent to rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford* and *W. P. Mahaffey,* for appellant.—Upon definition of assault with intent to rape:   Gray v. State, 53 S. W. Rep., 851; Steinkie v. State, 25 S. W. Rep., 287; Cooten v. State, 105 S. W. Rep., 185; Blair v. State, 132 S. W. Rep., 358; Alexander v. State, 127 S. W. Rep., 189.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—This is an appeal from a conviction for an assault to rape a girl under fifteen years of age.

We will not state fully nor discuss the testimony in view of the fact that the cast must be reversed.   Neither will it be necessary to discuss the several bills of exceptions as to the introduction of testimony and other matters.   Some of these bills are extremely lengthy.   Nearly all are explained and qualified by the judge.   However, what we say will embrace all the matters raised so as to be a guide for another trial.

In trials for this character of offense, other acts upon her than the one upon which the prosecution is based occurring along about the same time are admissible under the case of Battles v. State, 63 Texas Crim. Rep., 147, and that line of decisions following it.   Therefore, the testimony of the assaulted girl wherein she testified to an assault upon her at a gin and also in the pasture were admissible.

It was shown that the families of both appellant and the alleged assaulted girl, Thelma Parish, lived in the same town just across the street from one another, both families having children, girls and boys, and that the families had for years been intimate and frequent visitors, one to the other.   Appellant claimed that after the alleged repeated assaults upon Thelma and notice thereof to her mother and other members of her family, the social relationship between the respective families, including the father and mother and all the children of each, continued somewhat the same as before said claimed assaults.   We think such testimony was admissible to enable the jury to determine whether or not the alleged assault had occurred, and it was improper for the court to limit the jury to the consideration of such testimony solely for the purpose of impeaching the mother or other members of the family of Thelma.   Of course, if some particular portion of such testimony amounted only to a specific impeachment of some given fact, by other witnesses, then it would be proper in those particulars for the court

to restrict such testimony for impeachment alone; but otherwsie it would be improper to restrict such consideration for that purpose. It could be considered by the jury to determine the credibility and weight to be given to the respective witnesses and would be embraced under that general charge of the court that the jury are the judges of the credibility of the witnesses, etc., and should not be otherwise restricted, as stated.

The rule in this State is well established that ordinarily other offenses, or offenses of a like nature, can not be introduced in evidence against an accused unless in certain contingencies. Among them is the question of the intent of the accused, in which instance an exception to the rule is as well established as the rule itself, to the effect that when intent is an element of the offense and the testimony of an accused, or other testimony, should tend to show that an act otherwise illegal was committed without any intent to commit the offense charged, then such other like acts can be proven for the purpose of showing the intent of accused. Appellant did not testify. It is unnecessary for us to determine now whether or not the question of what the girl testified he did was with an innocent intention or not. If on another trial he should testify and claim such innocent intent, or otherwise he should make such contention, then such other acts would be admissible. On the other hand, if no such issue is raised by the testimony offered in behalf of appellant, the testimony would not be admissible. We say this in view of the testimony of the girl Nellie Horn. Her testimony may or may not be admissible under the theories we have just above stated. If admissible and attacked as she was, then the testimony of Dr. Bettes and Newt Mahaney would be admissible to support her, but if it should develop that her testimony on another trial is inadmissible, then, of course, that of Dr. Bettes and Mahaney would also be inadmissible. The rules of law applicable to such matters are clearly laid down in Gray v. State, 77 Texas Crim. Rep., 221, 178 S. W. Rep., 337, and many other cases. What we have said as to the testimony of Bettes and Mahaney applies also to the testimony of Nellie Horn, shown by appellant's fourth bill of exceptions.

It is now considered the settled doctrine of this court that if a man take hold of a girl under fifteen years of age and handle her in such manner as under the circumstances to show a present intent on his part to have sexual intercourse with her, with her consent or without it, he would be guilty of an assault with intent to rape. It is not necessary that other force should be used, like it would be if the woman was more than fifteen years of age. This is settled by such cases as Hightower v. State, 65 Texas Crim. Rep., 323; Cromeans v. State, 59 Texas Crim. Rep., 611; Love v. State, 68 Texas Crim. Rep., 228; Collins v. State, 66 Texas Crim. Rep., 602; Duckett v. State, 68 Texas Crim. Rep., 331; Croomes v. State, 40 Texas Crim. Rep., 672, and other cases. This case was tried by the lower court on the law as thus laid down. We regard the doctrine as so well established as to need no further dis-

cussion. The appellant, both in his attack of the court's charge and in special charges requested, contended the reverse and that it was necessary to show such force as to show that a man intended to have sexual intercourse and to use whatever force was necessary to accomplish it. Therefore, all' of his attacks on the court's charge on his theory is not the law, and his special charges on the same theory were correctly refused.

We are also of the opinion that the evidence in this case did not raise the question of aggravated assault and that the court committed no error in not submitting such an issue to the jury. Of course, on another trial, if it should develop as stated above that the appellant should testify, or introduce other testimony, tending to show that his intention was not that of having sexual intercourse with the girl, but some other intent, then it would be necessary for the court to submit the issue of aggravated assault.

There is one other question we think it necessary to mention. In the event the testimony of Nellie Horn should be admitted upon another trial, then it would be proper for the court to limit the jury to the consideration of her testimony and that also of Thelma as to the claimed assaults at the gin and in the pasture for the purpose alone of showing, or tending to show, whether or not appellant's intention was to have sexual intercourse with Thelma at the time he committed the alleged assault upon her in the kitchen. It seems the court so limited by oral instruction to the jury that testimony when it was admitted, but when he charged the jury in his main charge, he told them in effect that they could consider all that testimony "in determining whether defendant did in fact attempt to have sexual intercourse with said Thelma." This charge must, of course, be corrected on another trial. The evidence, if admissible, was not for the jury to determine whether appellant attempted to have sexual intercourse with her, but whether or not it was his intent to do so.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*