ALTON BATES V. STATE

No. 29,122. June 19, 1957.
State's Motion for Rehearing Overruled.
(Without Written Opinion) October 16, 1957.

*Carl Cannon*, Groesbeck, *W. A. Keils*, Teague, and *C. S. Farmer*, Waco, for appellant.

*Owen F. Watkins*, County Attorney, *L. E. Eubanks*, Assistant County Attorney, Groesbeck, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for statutory rape; the punishment, life imprisonment.

The indictment filed on the 5th day of October, 1956, charged that the offense was committed on or about the 20th day of June, 1956.

The prosecutrix, 13 years of age at the time of the trial, testified to numerous acts of sexual intercourse with the appellant, her step-father, during a period of time while she resided in his home in the city of Mexia, Limestone County, Texas, with her mother and sister.

She testified that the first act occurred in May, 1954, at night in the middle apartment of their home and that after said act appellant continued to have intercourse with her once or twice

a week during the remainder of the year 1954 and the year 1955 and beginning with the year 1956 had intercourse with her three or four times a week. She further testified that on June 20, 1956, around mid-afternoon, appellant had intercourse with her at the home in the bedroom which he and her mother occupied and on July 4, 1956, when he was taking her to a doctor, he had another act of intercourse with her near the city of Corsicana.

As a witness in his own behalf, appellant denied having had any acts of intercourse with the prosecutrix and interposed alibi as a defense.

Appellant testified that on June 20, 1956, he worked on a job at the State School in Mexia from 8 A.M. to 4:30 P.M., driving a truck and offered witnesses who corroborated his testimony. He further testified that he was in the city of Mexia on July 4, 1956, during the time the prosecutrix testified they made the trip to Corsicana and offered witnesses who also corroborated his alibi testimony relative to such date.

Appellant moved the court to require the state to elect upon which act testified to by the prosecutrix it sought a conviction and excepted when no election was made by the state or by the court in his charge. Such exception presents error.

The rule is well settled that in prosecutions for statutory rape it is permissible for the state to show that the accused, either prior or subsequent to the date charged, committed other acts of intercourse upon the female under the age of consent. 4 Branch's Ann. P.C., 2d Ed., Sec. 1962; Johns v. State, 155 Texas Cr. Rep. 503, 236 S.W. 2d 820; Gephart v. State, 157 Texas Cr. Rep. 414, 249 S.W. 2d 612; Read v. State, 160 Texas Cr. Rep. 42, 267 S.W. 2d 419 and Earwood v. State, 161 Texas Cr. Rep. 171, 275 S.W. 2d 652.

It is further the rule that where more than one act of intercourse is shown, upon motion of the accused, the state should be required to elect as to which act it will rely for a conviction. 35 Texas Jur. 865, Sec. 73; Batchelor v. State, 41 Texas Cr. Rep. 501, 55 S.W. 491; Powell v. State, 47 Texas Cr. Rep. 155, 82 S.W. 516; Mora v. State, 74 Texas Cr. Rep. 26, 167 S.W. 344; Crosslin v. State, 90 Texas Cr. Rep. 467, 235 S.W. 905 and Hudgins v. State, 125 Texas Cr. Rep. 451, 69 S.W. 2d 97.

The case of Ledesma v. State, 147 Texas Cr. Rep. 37, 181

S.W. 2d 705, relied upon by the state is not controlling because in that case the several acts of intercourse were accomplished by one continuous act of force and threats upon the female.

Appellant objected to the court's charge on the ground that it did not limit the evidence of the other acts of intercourse with the prosecutrix to the purpose for which they were admitted, i.e., to aid the jury in determining whether the particular act relied upon by the state was committed. The objection was by the court overruled and under the record presents error. Appellant was entitled not only to have the court require the state to elect the act upon which it relied for a conviction, but also an instruction from the court limiting the jurys' consideration of the other acts of intercourse to the purpose for which they were admitted. 4 Branch's Ann. P.C., Sec. 1963. Webb v. State, 80 Texas Cr. Rep. 1, 187 S.W. 485 and Haggart v. State, 77 Texas Cr. Rep. 270, 178 S.W. 328.

Appellant further objected to the court's charge because it failed to instruct the jury on the law of alibi. The evidence raised the defense of alibi to at least two of the acts testified to by the prosecutrix and appellant was entitled to a submission of such defense to the particular transaction upon which the state was relying for a conviction. In overruling appellant's objection and failing to submit the defense the court erred. Johnson v. State, 136 Texas Cr. Rep. 305, 124 S.W. 2d 1001.

The record reflects that over appellant's objection, the court permitted testimony concerning certain telephone conversations between the prosecutrix's mother and her natural father and between the prosecutrix and her mother. The details of the conversations were clearly hearsay as to the appellant and should not have been admitted in evidence.

Upon another trial state's counsel should refrain from offering hearsay evidence and the rule prohibiting such evidence should be strictly enforced.

Appellant's other complaints will not be discussed as they are not likely to arise upon another trial.

For the reasons stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.