TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00253-CR






Pete Duran, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 005915, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




Pete Duran, Jr., appeals from judgments of conviction for aggravated sexual assault
of a child, indecency with a child by contact, and indecency with a child by exposure. See Tex. Pen.
Code Ann. §§ 21.11, 22.021 (West Supp. 2003). For these offenses, the jury assessed prison terms
of life, twenty years, and ten years, respectively. By four points of error, appellant complains that
the district court failed to require a timely election by the State, asserts that the evidence is
insufficient to sustain the conviction for indecency with a child by contact, and raises two double
jeopardy claims. We overrule these contentions and affirm the judgments of conviction.


Factual Background


The complaining witness, N. N., testified that she was born in March 1982. Her
parents were divorced when she was in the first or second grade, and she thereafter lived with her
mother. During the summer before N. N. entered the fifth grade, she and her mother and brother
moved into a house in Austin that was also occupied by appellant, his mother and father, and his
nephew. The witnesses generally agreed that this was the summer of 1994, when N. N. was twelve
years old. On her first night in this new house, N. N. was awakened by appellant, who took her to
the bathroom and gave her a shower. Both she and appellant were naked. During the shower,
appellant "touched me down there on my vagina." Appellant then took N. N. to an unoccupied
bedroom, where "he was drying me off and he was touching me." Appellant laid on his back and
asked N. N. to sit on his stomach and "massage" him. She refused and began to cry. She left the
bedroom and went to sleep with her brother.

N. N. spent two weeks that summer at a camp. Soon after she returned to Austin,
appellant came to the room where she was sleeping, took off her nightgown, and touched her "on
my chest." He then took off his clothes and got in bed with her. Appellant got on top of N. N. and
"tried to move on me, but I held my legs together real tight." Appellant tried to "pry my legs apart." 
N. N. said that appellant's "private part" touched her vagina during this incident, which ended when
she began to cry.

N. N. could not remember when appellant first penetrated her vagina with his penis. 
She testified, however, that appellant did not engage in further sexually abusive activities with her
until she was in the sixth grade. During that school year, appellant began having sexual intercourse
with her on a regular basis. N. N. testified that appellant used the term "job" to refer to sexual
intercourse, and that he gave her alcoholic drinks "so I could help him better on the job." 

N. N., her mother, and her brother moved to another house in September of the year
she began the ninth grade. The following March, appellant picked N. N. up from school and
returned her to his house, where she thereafter lived apart from her family for about one year. 
During this time, she slept with appellant in his bed and had sexual intercourse with him. Appellant
began giving her pills and other drugs. Appellant also began to regularly take N. N. to a motel,
where they would engage in sexual intercourse.

In February 2000, just before her eighteenth birthday and while she was in the
eleventh grade, N. N. left appellant's house and moved in with her aunt. Soon thereafter, she made
her first outcry regarding appellant's conduct.


Procedural Background


The indictment contained three counts, two of which were subdivided into
paragraphs. Count one contained three paragraphs accusing appellant of aggravated sexual assault
of a child.



 Count one, paragraph one alleged that appellant penetrated N. N.'s female
sexual organ with his penis. Id. § 22.021(a)(1)(B)(i), (2)(B).




 Count one, paragraph two alleged that appellant penetrated N. N.'s female
sexual organ with his finger. Id.




 Count one, paragraph three alleged that appellant caused N. N.'s female sexual
organ to contact his penis. Id. § 22.021(a)(1)(B)(iii), (2)(B).




Count two contained three paragraphs accusing appellant of indecency with a child by contact.




 Count two, paragraph one alleged that appellant touched N. N.'s breast. Id.
§ 21.11(a)(1).




 Count two, paragraph two alleged that appellant touched N. N.'s genitals. Id.




 Count two, paragraph three alleged that appellant caused N. N. to touch appellant's
genitals. Id.




Count three alleged that appellant exposed his genitals to N. N. Id. § 21.11(a)(2)(A). All of these
offenses were alleged to have been committed on or about June 15, 1994. (1) 

After the State rested and outside the jury's presence, appellant moved that the State
elect "which acts of sexual contact, sexual intercourse and exposure it is relying on for conviction
in this case." In response to questions by the court, appellant made it clear that he was not asking
that the State be required to elect among the various paragraphs contained in the indictment, but
among the various acts in evidence. The prosecutor argued that the motion for election was
premature since the State might offer rebuttal witnesses. The court withheld a ruling to give both
parties an opportunity to research the election issue, the jury was returned to the courtroom, and the
defense began presenting its case.

The following morning, again outside the jury's presence, the court granted the
motion to elect after considering the case law. In response, the prosecutor announced the State's
elections as follows:



 Count one, paragraph one: "[W]e are electing to proceed on an act that occurred
at the defendant's house when the victim was in sixth grade where he had sexual
intercourse with her and penetrated her vagina with his penis."




 Count one, paragraph two: "The State is going to abandon that paragraph."




 Count one, paragraph three: "[W]e elect to proceed on an act that occurred at the
defendant's house in the summer before the victim was in fifth grade where he
contacted her sexual organ with his sexual organ."




 Count two, paragraph one: "[W]e are proceeding on an act that happened at the
defendant's house where he touched her breast the summer before fifth grade."




 Count two, paragraph two: "We are going to proceed on an act . . . touching the
victim's genitals that occurred at the defendant's house the summer before the
victim was in fifth grade."




 Count two, paragraph three: "[W]e are proceeding on an act that occurred at the
defendant's house the summer before the victim was in fifth grade."




 Count three: "[W]e have elected to proceed on an act that occurred at the
defendant's house the summer before the victim was in fifth grade."




Appellant voiced no objection regarding the specificity of these elections. After the elections were
made, the jury returned and defensive testimony resumed. No oral instructions to the jury regarding
the State's elections were requested or made. Both sides closed after the last defense witness
testified.

The court's guilt/innocence charge authorized convictions on paragraphs one and
three of count one, paragraphs one, two, and three of count two, and count three. The application
paragraphs tracked the allegations in the indictment. The charge did not instruct the jury to consider
only the acts elected by the State in determining appellant's guilt. To the contrary, the jury was
instructed that the State "may prove the offenses, if any, to have been committed at any time prior
to the presentment of the indictment so long as said offenses, if any, occurred within 10 years of the
date of the presentment of the indictment." The jury was told that the indictment was presented on
September 14, 2000. Appellant voiced no objection to the charge. The jury returned six verdicts,
finding appellant guilty on each submitted paragraph and count. 

The jury was not asked to assess punishment for each of the criminal acts for which
it had returned a guilty verdict. Instead, the punishment charge, without objection by either party,
submitted the question of punishment solely in terms of the three counts. That is, the jury was asked
to assess punishment for aggravated sexual assault of a child (with no mention of the two paragraphs
on which appellant had been found guilty), indecency with a child by contact (with no mention of
the three paragraphs on which appellant had been found guilty), and indecency with a child by
exposure. Similarly, the three district court judgments reflect convictions for only three offenses:
aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child
by exposure.


Discussion


Election

Appellant's first point of error is that the district court erred by failing to require the
State to timely elect the acts on which it relied for conviction. As a general rule, where one sexual
act is alleged in the indictment and the evidence shows that the act occurred on more than one
occasion, the State must elect the act upon which it will rely for conviction. O'Neal v. State, 746
S.W.2d 769, 771 (Tex. Crim. App. 1988); Gutierrez v. State, 8 S.W.3d 739, 747 (Tex. App.--Austin
1999, no pet.). In O'Neal, the court of criminal appeals stated that "once the State rests its case in
chief, in the face of a timely request by the defendant, the trial court must . . . order the State to make
its election. Failure to do so constitutes error." 746 S.W.2d at 772.

In the cause before us, the various paragraphs and counts of the indictment alleged
seven discrete sexual acts or offenses. The State's evidence showed that some of these alleged acts
were committed more than once. After the State rested its case in chief, appellant moved for the
State to elect a single act on which to base a conviction on each paragraph or count. The motion was
granted and the elections were made, but not until after two defense witnesses testified. Appellant
argues that he was thereby denied timely notice of the acts he was called upon to defend. See
Gutierrez, 8 S.W.3d at 747.

Appellant did not object to the court's decision to defer its ruling on the motion to
elect, nor did he ask to delay the start of the defensive testimony until after the ruling was made. To
the contrary, appellant implicitly agreed to the procedure employed. Under the circumstances, the
alleged error was not preserved for review. Tex. R. App. P. 33.1(a). Moreover, the delay in
requiring the State to elect, if error, was harmless.

Appellant's defense was, in essence, a challenge to N. N.'s credibility. She admitted
during her own direct testimony that she had falsely accused her father of sexually abusing her. 
Defense witnesses testified that they heard N. N. threaten to make similar false accusations against
appellant after becoming angry with him. The defense witnesses also contradicted N. N.'s testimony
regarding the nature of the sleeping arrangements in appellant's house so as to suggest the
impossibility of appellant engaging in the acts testified to by N. N. After the State made its elections,
appellant did not ask to recall the two defense witnesses who testified previously, and his
questioning of the defense witness who testified after the elections did not relate in any way to the
elections. There is nothing in the record to indicate that the court's delay in granting the motion to
elect had any negative impact on appellant's ability to present his defense.

Not only were the State's elections irrelevant to appellant's defense, they were also
irrelevant to appellant's convictions in light of the court's jury charge. An election by the State has
little significance apart from its role in laying the foundation for other rights on the part of the
defendant. 42 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 30.66 (2d ed. 2001). After the State elected the acts on which it would rely to prove
each paragraph and count of the indictment, appellant was entitled to have the jury instructed to
consider only the elected acts in determining his guilt, and to have the jury further instructed
regarding the limited purposes for which it could consider the other acts proved by the State. Bates
v. State, 305 S.W.2d 366, 368 (Tex. Crim. App. 1957); see Dix & Dawson § 30.67. Appellant did
not ask for such instructions or object to their absence, and none were given. Insofar as the State
proved the repeated commission of acts alleged in the indictment, the charge did not limit the jury's
determination of guilt on any particular paragraph or count to the act elected by the State but
authorized the jury to convict appellant on the basis of any of the acts proved. See Garcia v. State,
887 S.W.2d 862, 878 (Tex. Crim. App. 1994) (evidence admitted without limiting instruction may
be considered for all purposes). 

Because appellant's defense did not turn on the State's elections and because
appellant did not request that the jury be instructed in accordance with the elections, the trial court's
delay in granting appellant's motion to elect, if error, could not have contributed to appellant's
conviction or otherwise affected a substantial right. See Tex. R. App. P. 44.2 (harm test for
constitutional and other errors). Point of error one is overruled.


Sufficiency of the evidence

Appellant contends the evidence is legally insufficient to support his conviction for
indecency with a child by contact because there is no evidence that he touched N. N.'s breast during
the incident elected by the State. Specifically, he argues that her testimony that he touched her
"chest" does not support the jury's finding.

The jury found beyond a reasonable doubt that appellant committed the offense of
indecency with a child by contact by touching N. N.'s breast, by touching N. N.'s genitals, and by
causing N. N. to touch his genitals. Appellant does not challenge the sufficiency of the evidence to
support the latter two findings, either one of which supports his conviction for this offense. Under
the circumstances, we need not decide whether N. N.'s testimony supports the first finding. Point
of error three is overruled.


Double jeopardy 

In point of error two, appellant urges that the convictions for aggravated sexual
assault of a child and indecency with a child by contact violate the constitutional guarantees against
double jeopardy. U.S. Const. amend. V; Tex. Const. art. I, § 14. He argues that the act elected by
the State to support his prosecution under count one, paragraph three, is the same act elected by the
State to support his prosecution under count two, paragraph three. He thus concludes that these
convictions are based on the same conduct and violate the guarantee against multiple punishments
for the same offense. See Ochoa v. State, 982 S.W.2d 904, 907-08 (Tex. Crim. App. 1998).

The jury found appellant guilty of two acts of aggravated sexual assault of a child and
three acts of indecency with a child by contact. The act elected by the State to support appellant's
prosecution under count one, paragraph one was clearly distinct from the acts elected by the State
to support his prosecution under the three paragraphs of count two. Moreover, as we have previously
explained, the jury was not limited to the elected acts in determining appellant's guilt under either
count. Because the record does not clearly reflect that appellant's conviction for indecency with a
child by contact was based on the same conduct underlying his conviction for aggravated sexual
assault of a child, we overrule the double jeopardy claim advanced in point of error two. See
Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); Duvall v. State, 59 S.W.3d 773, 776-77 (Tex. App.--Austin 2001, pet. ref'd) (double jeopardy claim raised for first time on appeal must
be clearly apparent on face of record). 

In a supplemental point of error filed with the permission of this Court, appellant
contends his conviction for indecency with a child by exposure is based on the same conduct
underlying his conviction for indecency with a child by contact. With respect to both offenses, the
State elected to proceed on "an act that occurred at the defendant's house the summer before the
victim was in fifth grade." Appellant argues that the elected sexual exposure was incidental to and
included within the elected sexual contact. See Patterson v. State, No. 03-01-00595-CR, slip op. at
7, 2002 Tex. App. LEXIS 6638 at *10-11 (Tex. App.--Austin Sept. 12, 2002, no pet.).

Actually, N. N. testified to two separate incidents that occurred during the summer
preceding her fifth grade year, one that occurred on the first night she lived in appellant's house and
one that occurred after she returned from camp. During the first incident, appellant was naked and
touched N. N.'s genitals with his hand. During the second incident, appellant was naked and
touched N. N.'s genitals with his penis. The State's elections were broad enough to encompass both
incidents. The jury could have based appellant's conviction for indecency with a child by contact
on one of these two incidents, and his conviction for indecency with a child by exposure on the other. 
And because the charge did not limit the jury to the acts elected by the State, the jury could also
consider the many acts of sexual intercourse testified to by N. N., during any of which the jury could
reasonably have inferred that appellant both exposed himself and touched N. N.'s genitals with his
penis. Once again, no double jeopardy violation is clearly apparent on the record. The supplemental
point of error is overruled.

The judgments of conviction are affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Yeakel, Patterson and Puryear

Affirmed

Filed: January 16, 2003

Do Not Publish
1. Statutory amendments since the commission of the offenses are irrelevant to the appeal. We
have cited the current statutes for convenience.