PD-0275-15

PD-0275-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/12/2015 2:57:46 PM
Accepted 3/13/2015 10:13:37 AM
ABEL ACOSTA
CLERK

P.D.R. # _____

C.O.A. #04-13-00836-CR

TO THE

COURT OF CRIMINAL

APPEALS OF TEXAS

LUIS GUDINO,

Appellant/Petitioner

VS.

THE STATE OF TEXAS,

Appellee

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 13, 2015

ABEL ACOSTA, CLERK

CONNIE J. KELLEY
ATTORNEY FOR APPELLANT
1108 Lavaca #110-221
Austin, Texas  78701
State Bar Number 11199600
(512) 445-4504
(512) 478-2318 (fax)
warrentucker@grandecom.net

## IDENTITY OF JUDGES, PARTIES AND COUNSEL PURSUANT TO TEXAS RULES OF APPELLATE PROCEDURE

Party and Appellee's Counsel:

State of Texas
Bexar County
District Attorney
Paul Elizondo Tower
101 W. Nueva, 5th Floor
San Antonio, TX 78205

State's Trial Counsel:

Lorina Rummel
Assistant District Attorney
Paul Elizondo Tower
101 W. Nueva, 5th Floor
San Antonio, TX 78205

Party/Defendant:

Luis Gudino
Texas Department of
Criminal Justice –
Institutional Division

Defendant's Trial Counsel:

Paul J. Smith
Attorney at Law
651 S. Walnut, Ste D-228
New Braunfels, TX 78130
and
Loraine Efron
Law Office of Loraine Efron
10010 San Pedro Ave.
Suite 660
San Antonio, TX 78216

State's Appellate Counsel:

Lauren A. Scott
Assistant District Attorney
Paul Elizondo Tower
101 W. Nueva, 5th Floor
San Antonio, TX 78205

(Note: Previous appellate counsel for State was the Honorable Kevin Yeary)

Defendant's Appellate Counsel:    Connie J. Kelley
Attorney at Law
1108 Lavaca #110-221
Austin, Texas 78701

The Honorable Ron Rangel presided at trial.

# TABLE OF CONTENTS

Page

Index of Authorities .............................................................................................vi

Statement Regarding Oral Argument ........................................................................1

Statement of the Case...............................................................................................1

Statement of Procedural History...............................................................................1

Questions for Review................................................................................................ 1-2

## QUESTION FOR REVIEW NO. ONE

WHERE REPEAT INSTANCES OF THE SAME CRIMINAL MISCONDUCT ARE SUFFICIENTLY DISTINGUISHABLE TO REQUIRE ELECTION IF REQUESTED, IS THE DEFENDANT ENTITLED, IN THE ABSENCE OF AN ELECTION BY THE STATE, TO AN UNANIMITY INSTRUCTION IN THE JURY CHARGE EVEN THOUGH THE STATE'S EVIDENCE OFFERS A DETAILED ACCOUNT AS TO ONE SPECIFIC INSTANCE ONLY, ALONG WITH GENERAL TESTIMONY REGARDING THE REMAINING INSTANCES?

## QUESTION FOR REVIEW NO. TWO

DID THE COURT OF APPEALS MISCONSTRUE APPLICABLE

LAW WHEN IT HELD THE ABSENCE OF AN UNANIMITY

TABLE OF CONTENTS (cont.)

Page

INSTRUCTION REGARDING AGREEMENT ON A SINGLE

INCIDENT OF CRIMINAL MISCONDUCT WAN NOT ERROR

BECAUSE "THE RECORD DOES NOT CLEARLY SUPPORT

THE POSSIBILITY THAT THE JURY RENDERED NON-

UNANIMOUS VERDICTS"?

Argument ....................................................................................... 2-6

Prayer for Relief ..................................................................................6

Certificate of Service ...........................................................................7

Certificate of Compliance .....................................................................7

Opinion of the Court of Appeals..................................................Appendix

# INDEX OF AUTHORITIES

Page

Cases:

Bates v. State, 305 S.W.2d 366 (Tex. Crim. App. 1957) ...........................................4

Cosio v. State, 353 S.W.3d 766 (Tex. Crim. App. 2011) .......................................3, 5

O'Neal v. State, 746 S.W.2d 769 (Tex. Crim. App. 1988).........................................4

Rodriguez v. State, 104 S.W.3d 87 (Tex. Crim. App. 2003).....................................4

Statutes and Rules:

Texas Rules of Appellate Procedure,
      Rule 66.3(b) ...............................................................................................3
      Rule 66.3(c)................................................................................................5

Oral argument is not requested because the issues involved can be adequately addressed in briefs from the parties.

## STATEMENT OF THE CASE

On September 16, 2013, in the 379th District Court of Bexar County, Texas, Appellant, Luis Gudino, after a plea of not guilty was found guilty of four counts of aggravated sexual assault of a child by a jury. (R.R. Vol. 6 at 140-141). On November 8, 2013, punishment was assessed by the court at 25 (twenty-five) years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $2,500 fine. (R.R. Vol. 7 at 64-65). No motion for new trial was filed. Notice of Appeal was filed on November 22, 2013. (C.R. at 237). On June 12, 2014, the undersigned, Connie J. Kelley, was appointed to replace previous appellate counsel, Ed Shannessy, on appeal.

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Court of Appeals was handed down on February 11, 2015. No motion for rehearing was filed.

## QUESTION FOR REVIEW NO. ONE

WHERE REPEAT INSTANCES OF THE SAME CRIMINAL MISCONDUCT ARE SUFFICIENTLY DISTINGUISHABLE TO

1

REQUIRE ELECTION IF REQUESTED, IS THE DEFENDANT ENTITLED, IN THE ABSENCE OF AN ELECTION BY THE STATE, TO AN UNANIMITY INSTRUCTION IN THE JURY CHARGE EVEN THOUGH THE STATE'S EVIDENCE OFFERS A DETAILED ACCOUNT AS TO ONE SPECIFIC INSTANCE ONLY, ALONG WITH GENERAL TESTIMONY REGARDING THE REMAINING INSTANCES?

<u>QUESTION FOR REVIEW NO. TWO</u>

DID THE COURT OF APPEALS MISCONSTRUE APPLICABLE LAW WHEN IT HELD THE ABSENCE OF AN UNANIMITY INSTRUCTION REGARDING AGREEMENT ON A SINGLE INCIDENT OF CRIMINAL MISCONDUCT WAN NOT ERROR BECAUSE "THE RECORD DOES NOT CLEARLY SUPPORT THE POSSIBILITY THAT THE JURY RENDERED NON-UNANIMOUS VERDICTS"?

<u>ARGUMENT</u>

<u>QUESTION FOR REVIEW NO. ONE</u>

WHERE REPEAT INSTANCES OF THE SAME CRIMINAL MISCONDUCT ARE SUFFICIENTLY DISTINGUISHABLE TO

2

REQUIRE ELECTION IF REQUESTED, IS THE DEFENDANT ENTITLED, IN THE ABSENCE OF AN ELECTION BY THE STATE, TO AN UNANIMITY INSTRUCTION IN THE JURY CHARGE EVEN THOUGH THE STATE'S EVIDENCE OFFERS A DETAILED ACCOUNT AS TO ONE SPECIFIC INSTANCE ONLY, ALONG WITH GENERAL TESTIMONY REGARDING THE REMAINING INSTANCES?

Discretionary review should be granted because the Court of Appeals has decided an important question of state law which has not been, but should be, settled by this Court. See T.R.A.P. Rule 66.3(b). The question pertains to the connection between the right to seek election and the entitlement to unanimity instructions in the jury charge.

In deciding the jury charge issue in Cosio, this Court consulted its election law cases, stating that the principles involved in unanimity and election overlap in some respects. Cosio v. State, 353 S.W.3d 766, 773 (Tex. Crim. App. 2011). The subsequent discussion implies, but does not expressly hold, that whenever the State could be required to elect the occurrence it will rely on to convict but does not do so, the defendant will always be entitled to a jury charge that instructs the jury that it must unanimously agree on a single and discrete incident that would constitute

3

commission of the offense alleged. See Id. at 771 & 773-774. This involves an important question of state law that has not been, but should be settled by this Court. See T.R.A.P. Rule 66.3(b).

In the attached opinion, the Fourth Court attempts to distinguish Cosio on the facts after acknowledging that Cosio's jury charges and Appellant's were similar. See op. at 5. It relies on the fact that the complainant, A.G., did not describe four specific incidents in detail, but instead gave details of the first encounter and general testimony thereafter that Appellant continued to have intercourse with her in the same manner once or twice a week or every other day at particular locations when she was 10 and 11. See op. at 5-6. Such testimony would clearly require election upon a proper and timely request under the authority of Bates v. State, 305 S.W.2d 366, 367-368 (Tex. Crim. App. 1957) and O'Neal v. State, 746 S.W.769, 771-772 (Tex. Crim. App. 1988). In Rodriguez v. State, a witness's testimony that Rodriguez had delivered cocaine to her on the date alleged in the indictment and "maybe 20 or 30 times" in the nine month period before that date was sufficiently specific to entitle the defendant to an election by the State. Rodriguez v. State, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003). This Court rejected the assertion that it would have been impossible for the State to make an election in the absence of any testimony distinguishing one incident from another.

4

Id.

Upon discretionary review, this Court should hold that Appellant's entitlement to an election had he requested it necessarily demonstrated that he was entitled to have the jury instructed that in order to return a guilty verdict for any of the alleged offenses, it had to unanimously agree on which incident of intercourse it would rely in each case.

QUESTION FOR REVIEW NO. TWO

DID THE COURT OF APPEALS MISCONSTRUE APPLICABLE
LAW WHEN IT HELD THE ABSENCE OF AN UNANIMITY
INSTRUCTION REGARDING AGREEMENT ON A SINGLE
INCIDENT OF CRIMINAL MISCONDUCT WAN NOT ERROR
BECAUSE "THE RECORD DOES NOT CLEARLY SUPPORT
THE POSSIBILITY THAT THE JURY RENDERED NON-
UNANIMOUS VERDICTS"?

Discretionary review should be granted because the Court of Appeals decided an important question of state law in a way that conflicts with the applicable decisions of this Court. See T.R.A.P. Rule 66.3(c).

Texas law requires that the jury must reach a unanimous verdict about the specific crime that the accused committed. Cosio v. State, 353 S.W.3d 766, 771

5

(Tex. Crim. App. 2011). This means the jury must agree on a single and discrete incident that constitutes commission of the offense alleged. Id. at 771. Guaranteeing unanimity is ultimately the responsibility of the trial judge. Id. at 776. The judge must submit a charge that "does not allow for the possibility of a non-unanimous verdict." Id. The question in determining the existence of charge error in cases such as Appellant's is not whether the record clearly supports the possibility that the jury rendered non-unanimous verdicts, but whether the charge as submitted would allow for that possibility. See Id. Because the trial court's charge did not instruct the jury that for each case it had to unanimously agree on one incident of criminal conduct based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt, the charge did allow conviction on less than unanimous verdicts. See Id. The Court of Appeals used an incorrect standard in determining the charge was not erroneous.

PRAYER FOR RELIEF

Appellant prays that this petition be granted and that upon review, the judgment of the Court of Appeals be reversed.

Respectfully submitted,

/s/ Connie J. Kelley
Connie J. Kelley
Attorney for Appellant

1108 Lavaca, #110-221
Austin, Texas 78701
(512)445-4504
(512)478-2318 (fax)
warrentucker@grandecom.net
State Bar No. 11199600

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on Susan D. Reed, District Attorney, at Paul Elizondo Tower 1, 101 W. Nueva, Ste. 370, San Antonio, Texas 78205 by regular mail on this 12th day of March, 2015.

/s/ Connie J. Kelley
Connie J. Kelley


## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document is in 14 point font, with the exception of footnotes, which are in 12 point font. The word count of the foregoing document is 1,112 words, which is in compliance with T.R.A.P. Rule 9.4.

/s/ Connie J. Kelley
Connie J. Kelley

APPENDIX
OPINION OF THE FOURTH COURT OF APPEALS



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00836-CR

Luis **GUDINO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR8499
Honorable Ron Rangel, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

Luis Gudino was convicted by a jury of four counts of aggravated sexual assault of a child

and was sentenced to twenty-five years' imprisonment.  On appeal, Gudino complains of error in

the jury charge and that the trial court erred in excluding testimony from the complainant about

her reputation for truthfulness.  We affirm the trial court's judgment.

### BACKGROUND

Gudino was charged with four counts of aggravated assault alleging that he penetrated the

female sexual organ of the complainant, A.G., with his male sexual organ on the following dates:

(1) on or about the 10th day of December, 2006; (2) on or about the 10th day of December, 2007; (3) on or about the 10th day of December, 2008; and (4) on or about the 10th day of April, 2009. After four days of testimony, the jury convicted Gudino on all four counts, and Gudino appeals.

## QUESTIONING OF A.G. ON REPUTATION FOR TRUTHFULNESS

In his second issue on appeal, Gudino contends the trial court erred in denying him the opportunity to elicit testimony from A.G. regarding her own reputation for truthfulness or untruthfulness in the community. Gudino contends the testimony was admissible under Texas Rules of Evidence 404, 607, 608, and 609. The State responds that the trial court sustained the prosecutor's objections that defense counsel had failed to establish that A.G. was familiar with her own reputation and that the question was repetitive; however, the trial court permitted defense counsel to rephrase. A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

The following is the excerpt of the testimony containing the objection Gudino cites in his brief and contends the trial court improperly sustained:

> Q. Do you have an opinion or do you know your reputation for truthfulness in the community?
> [Prosecutor]: Judge, I'm not sure how a witness is supposed to know her own reputation. I think it's an improper question.
> [Defense counsel]: What is your opinion of your reputation?
> [Prosecutor]: And it is repetitive.
> THE COURT: Yeah. I'll sustain that and I'll let you rephrase.
> Q. What is your opinion of your reputation up till the time of June 2nd, 2009?
> A. I do not understand what you're trying to say.
> [Prosecutor]: Judge –
> Q. I'm sorry?
> A. I do not understand what you're trying to say.
> Q. Up till 2009, you first said that you were an honest person, and I understand that you've changed that answer now under oath. Am I hearing that correctly?
> A. I do not —
> Q. I'm sorry?
> A. I don't understand.

Q. Let's do it this way. During these four years or three years — what is it, 2006, 2007, 2009, 2009, how many lies do you recall telling to people?
A. I do not know.
Q. You do, however, admit that you told lies to people during that period of time; isn't that correct?
A. Yes.

Having reviewed the relevant portion of the record, the record does not establish that the trial court excluded the testimony as inadmissible under Rule 404, 607, 608, or 609. Moreover, the record does not reflect that defense counsel argued that the response to the question to which the objection was made would be admissible under those rules. *See Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) (noting "complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial"). Furthermore, the record does not reflect that the trial court denied Gudino the opportunity to elicit testimony from A.G. regarding her own reputation for truthfulness or untruthfulness in the community. The trial court simply instructed defense counsel to rephrase. Defense counsel then elected the manner in which he chose to rephrase the question in an effort to elicit testimony regarding A.G.'s opinion. Therefore, assuming Gudino preserved his second issue for this court's review, the trial court's ruling was not an abuse of discretion. Gudino's second issue is overruled.

## JURY CHARGE

In his first and third issues, Gudino contends the trial court erred in the submission of the jury charge. Gudino first contends the jury charge authorized a non-unanimous verdict as to the particular incidents of criminal conduct that comprised the charged offenses. Gudino also contends the trial court erred in failing to include a § 8.07(b) instruction in the jury charge. Acknowledging that no objection was made with regard to either of these alleged errors, Gudino further contends that the error resulted in egregious harm.

A.  Standard of Review

"The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). In reviewing alleged jury charge error, an appellate court must first determine whether error exists in the charge. *Id*. If error exists, the appellate court must then determine whether sufficient harm was caused by the error to require reversal. *Id*. at 170-71. When the record contains no objection to the charge error, the appellant must show "egregious harm" to be entitled to a reversal. *Id*. at 171.

Egregious harm is a difficult standard to prove. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011). To be entitled to a reversal under an egregious harm standard, the record must establish that the error was egregious and created such harm that the trial was not fair and impartial. *Cosio v. State*, 353 S.W.3d 766, 776-77 (Tex. Crim. App. 2011). In determining whether an appellant was deprived of a fair and impartial trial, we consider: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Taylor*, 332 S.W.3d at 489.

B.  Jury Unanimity

Gudino first contends that the jury charge did not require the jury to unanimously find which incident of criminal conduct satisfied each of the charged offenses. As previously noted, Gudino was charged with four counts of aggravated sexual assault alleging that he penetrated A.G.'s female sexual organ with his male sexual organ on or about four separate dates. At trial, A.G. testified that the first incident occurred when she was nine years old, and Gudino engaged in the same sexual act one or two times a week until May of 2009, when a long-time family friend discovered Gudino hiding in a closet. A.G. testified that Gudino had been attempting to engage in

the same sexual act before hiding in the closet, and a partially opened condom was found in the room. A.G.'s brother, Ramiro, called the police after A.G. told Ramiro's girlfriend about the sexual misconduct.

The jury charge instructed the jury to find Gudino guilty if it found that he had penetrated A.G.'s female sexual organ with his male sexual organ on or about each of the four specified dates. The jury charge also stated, "'On or about' means that the law does not require the State to prove the exact date the alleged offense was committed. You are instructed that the time of the alleged offense must be some date anterior to the presentment of the indictment. The indictment in this case was presented on August 25, 2010."

"Texas law requires that a jury reach a unanimous verdict about the specific crime that the defendant committed. This means that the jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio*, 353 S.W.3d at 771 (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). Non-unanimity may result "when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Id*. at 772. "Each of the multiple incidents individually establishes a different offense or unit of prosecution." *Id*. "The judge's charge, to ensure unanimity, would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id*.

Gudino relies heavily on the analysis of the Texas Court of Criminal Appeals in *Cosio*. Although the charges in the two cases are similar, the evidence presented in the two cases is very different. In *Cosio*, the complainant testified about four specific instances of sexual misconduct which the court labeled as the shower incident, the bedroom incident, the Burger King incident, and the pornography incident. 353 S.W.3d at 769. Given this specific testimony, the court held that the jury charge "allowed for the possibility that the jury rendered non-unanimous verdicts,"

asserting, "The jury could have relied on separate incidents of criminal conduct, which constituted different offenses or separate units of prosecution, committed by Cosio to find him guilty in the three remaining counts." *Id*. at 774.

Unlike *Cosio*, A.G. did not provide a detailed description of four separate incidents. Instead, she provided a detailed description of the first incident when Gudino took her to the back yard of his house during a sleepover A.G. was having with Gudino's sisters when she was nine years old. A.G. stated that Gudino had sexual intercourse with her by placing his penis in her vagina. A.G. then generally testified that Gudino engaged in the same sexual act when she was ten and eleven at various locations in his house and in her house. A.G. testified that the sexual intercourse occurred once or twice a week or every other day. A.G. stated that the sexual acts occurred more often as she got older.

Because A.G. did not detail four specific incidents of sexual misconduct, the record does not clearly support the possibility that the jury rendered non-unanimous verdicts like it did in *Cosio*, where the jury was presented with separate incidents of criminal misconduct on which the jury could rely. Even if we did conclude that the charge contained error, however, we hold the record does not support a finding of egregious harm. As previously noted, we determine whether the charge resulted in egregious harm by considering: (1) the entire jury charge; (2) the state of the evidence, including the contested issues and weight of probative evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Taylor*, 332 S.W.3d at 489. The presence of overwhelming evidence of guilt may be considered when assessing jury-charge error. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

First, we note the State never argued that the jury did not have to be unanimous about its verdict. Moreover, although A.G.'s testimony generally described the numerous times Gudino assaulted her, she consistently testified that incidents occurred when she was nine, ten, and eleven,

corresponding to the dates set forth in the indictment and the jury charge. A.G.'s testimony was consistent with the statement she gave to police and the statements she gave during her examination by a sexual assault nurse examiner. A.G.'s physical examination was abnormal and showed evidence of penetrative trauma, and A.G. also tested positive for chlamydia, a sexually transmitted disease. Finally, A.G. testified about a bump Gudino had on his penis, which was consistent with an implant described by Gudino's girlfriend. A.G.'s testimony was not directly impeached. Instead, similar to the evidence in *Cosio*, Gudino's defense was that he did not commit any of the offenses and that reasonable doubt existed as to the charges because A.G. was not credible, and that he could not have engaged in the acts once or twice a week during the summer of 2007 when he was living in Florida or during the six or seven months he was incarcerated in 2008. Similar to *Cosio*, "[t]he jury was not persuaded that [Gudino] did not commit the offenses or that there was any reasonable doubt. Had the jury believed otherwise, they would have acquitted [Gudino] on all counts." Instead, it is logical that the jury unanimously found A.G's testimony to be credible and that Gudino had engaged in the same sexual act on or about the dates in each of the four years preceding the date in which he was caught hiding in a closet after again attempting to engage in the same sexual act. Having reviewed the record as a whole, we cannot say that Gudino was deprived of a fair and impartial trial such that egregious harm was shown. Accordingly, Gudino's first issue is overruled.

C.     § 8.07(b) Instruction

Section 8.07(b) of the Texas Penal Code generally prohibits a person from being prosecuted for or convicted of any offense committed before reaching 17 years of age unless the juvenile court has waived jurisdiction. TEX. PENAL CODE ANN. § 8.07(b) (West Supp. 2014). In his third issue, Gudino contends the trial court erred in failing to include an 8.07(b) instruction in the jury charge because the State elicited testimony that he was born in 1989, which would make

him sixteen during the portion of 2006 preceding his birth date. Gudino's brief notes that a police detective testified that Gudino was nineteen when the paperwork on the case was completed in late May of 2009, "meaning that as of late May of 2006, [Gudino] had yet to turn 17."

If an 8.07(b) instruction was the law applicable to this case, the trial judge was *sua sponte* required to include the instruction in the jury charge. *Taylor*, 332 S.W.3d at 486. Section 8.07(b) becomes law applicable to the case only if some evidence exists to support a rational inference that Gudino was less than seventeen when one of the charged offenses occurred. *See Shaw v. State*, 243 S.W.3d 647, 657-58 (Tex. Crim. App. 2007). In deciding whether to include the section 8.07(b) instruction, the trial court was entitled to "rely on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Id*. Similar to a jury, a trial court is not permitted to reach a conclusion "based on mere speculation or factually unsupported inferences." *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

The only incident Gudino was charged with committing in 2006 was the aggravated sexual assault that occurred on or about December 10, 2006. This date in the indictment and charge is tied to A.G.'s testimony that the first incident occurred when she was nine. Because the evidence established that A.G.'s birthdate was December 7, 1987, A.G. turned nine on December 7, 2006. No evidence was presented, however, to establish Gudino's birth date or to show that he was under seventeen when the first alleged incident occurred.[1] Thus, the evidence presented would require the trial court to speculate as to whether Gudino was under the age of seventeen on the date of the first charged offense. Accordingly, because the record contains no evidence to support a rational inference that Gudino was under the age of seventeen when A.G. was nine, the record did not

---

[1] Although Gudino relies heavily on the Texas Court of Criminal Appeals decision in *Taylor*, the record in that case contained evidence of the date on which Taylor turned seventeen. 332 S.W.3d at 485 n.2.

establish that section 8.07(b) was law applicable to the case; therefore, the absence of an 8.07(b) instruction in the jury charge was not error.  Gudino's third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH