

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00355-CR

RONNIE MACK BARNARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2013-631-C2, Honorable Matt Johnson, Presiding

April 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A thirteen-count indictment accused appellant, Ronnie Mack Barnard, of aggravated sexual assault of a child, indecency with a child by contact, and sexual assault of a child. The State abandoned three of the counts and proceeded to trial on the remaining ten. A jury found appellant guilty of each count. The range of punishment was enhanced by two prior convictions. The jury assessed punishment at life in prison on each count. The trial court imposed the sentences and ordered they run consecutively. We will affirm.

Analysis

In his sole issue, appellant argues the trial court abused its discretion by failing to *sua sponte* order the State to elect the specific acts it relied on for conviction.

This complaint was not raised in the trial court and is therefore not preserved for our review. TEX. R. APP. P. 33.1(a)(1); *see Tennyson v. State,* No. 05-00-01194-CR, 2001 Tex. App. LEXIS 3442, at *3 (Tex. App.—Dallas May 25, 2001, no pet.) (not designated for publication) (citing appellate rule 33.1(a) and stating "[b]ecause appellant did not request an election after the State rested, we conclude appellant waived his right to require an election at that time"). While appellant contends he may assert his complaint for the first time on appeal because it arises from unobjected-to jury charge error that caused him egregious harm, based on the following analysis we find the trial court did not err. The egregious harm standard for unobjected-to jury charge error applies only after the appellate court first finds error in the jury charge. *Tolbert v. State,* 306 S.W.3d 776, 779 (Tex. Crim. App. 2010) (citing *Posey v. State,* 966 S.W.2d 57, 61 (Tex. Crim. App. 1998)).

Moreover, even if properly preserved for our review appellant's issue lacks any merit. As a general rule, when the State's evidence shows multiple instances of conduct conforming to a single indictment allegation, the State must elect the instance on which it will rely for conviction. *Martinez v. State,* 225 S.W.3d 550, 555 (Tex. Crim. App. 2007); *O'Neal v. State,* 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). Ordering an election by the State "forces it to formally differentiate the specific evidence upon which it will rely as proof of the charged offense from evidence of other offenses or misconduct

2

it offers only in an evidentiary capacity." *Phillips v. State,* 193 S.W.3d 904, 910 (Tex. Crim. App. 2006). The election requirement also provides protection of such fundamental rights of the defendant as notice and unanimity thus ensuring "both that the defendant is aware of precisely which act he must defend himself against, and that the jurors know precisely which act they must all agree he is guilty of in order to convict him." *Id.*

Thus, after the State rests its case-in-chief, provided the defendant makes a timely request, the trial court must order the State to elect the act it relies on for conviction. *Phillips,* 193 S.W.3d at 909; *O'Neal,* 746 S.W.2d at 771. The trial court has no discretion to respond otherwise. *Phillips,* 193 S.W.3d at 909; *O'Neal,* 746 S.W.2d at 771. In such instances, the court's failure to order an election is error. *O'Neal,* 746 S.W.2d at 772.

But the State is not obligated to make an election and error is not shown absent the defendant's timely motion for election. *O'Neal,* 746 S.W.2d at 771 n.3; *Crawford v. State,* 696 S.W.2d 903, 906 (Tex. Crim. App. 1985) (citing *Bates v. State,* 165 Tex. Crim. 140, 305 S.W.2d 366, 368 (1957)) (on showing of more than one act of intercourse, on the defendant's motion, the State must elect and failure to so order is error); *Jiminez v. State,* No. 07-07-00389-CR, 2009 Tex. App. LEXIS 7555, at *3 n.3 (Tex. App.—Amarillo Sept. 29, 2009, pet. refused) (mem. op., not designated for publication) (noting absent a motion by the defendant to require an election, the State is not required to make an election); *Molina v. State,* No. 05-05-01599-CR, 2006 Tex. App. LEXIS 9670, at *2-3 (Tex. App.—Dallas Nov. 8, 2006, pet. refused) (not designated for

3

publication) (appellant did not request an election and appellate court found no authority suggesting the trial court should have ordered an election on its own motion).

In the present case, appellant made no motion requesting an election by the State. We are not shown, nor do we find, any authority even intimating the trial court was nevertheless obligated to order an election *sua sponte*. Such a requirement would effectively make ordering an election a ministerial task. Importantly, it would deny the defendant a significant strategic option[1] and allow a disjointed error-preservation procedure.[2] Appellant's reliance on *O'Neal* is misplaced. The opinion does not support the notion that a trial court has discretion to order an election *sua sponte*. Rather, the *O'Neal* court stated, "Once the State rests its case in chief, *in the face of a timely request by the defendant*, the trial court must order the State to make its election. Failure to do so constitutes error." 746 S.W.2d at 772 (emphasis supplied); *see id.* at 771 n.3 ("[A]ppellant preserved error by his motion to require election. Absent such a motion by the defendant, the State is not required to make an election").

We find that even had appellant preserved his complaint, the trial court had no obligation to *sua sponte* order an election.

---

[1] *See Cosio v. State,* 353 S.W.3d 766, 775 (Tex. Crim. App. 2011) ("A defendant may choose not to elect so that the State is jeopardy-barred from prosecuting on any of the offenses that were in evidence. Punishment would then also be limited to the charged offense only, and, given the jeopardy bar, there is no possibility that the defendant would receive an additional stacked sentence, based on any of the offenses in evidence, down the line" (footnote omitted)).

[2] A defendant would necessarily have to object on the record pointing out to the trial court, in a timely manner, its failure to *sua sponte* order an election. *See* TEX. R. APP. P. 33.1(a)(1).

Conclusion

Appellant's issue is overruled and the judgments of the trial court are affirmed.


James T. Campbell
Justice


Do not publish.