

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00045-CR

STEPHEN BLANE FULTNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 14-0307X

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a two-count indictment, Stephen Blane Fultner was charged with the aggravated sexual assault of two children. After a bench trial, Fultner was found guilty of both counts, and the trial court sentenced him to thirty-five years' imprisonment for each count with the sentences to run concurrently.

On appeal, Fultner argues that the State erred by failing to inform the court which events of sexual assault it was relying on for conviction, that the trial court erred by not requiring the State to specify which sexual-assault events it was relying on for conviction, that the trial court erred by not holding a hearing on the motion for findings of fact and conclusions of law, and that the evidence supporting his convictions was legally insufficient.

We modify the judgment by deleting the assessment of attorney fees and affirm the trial court's judgment, as modified, because (1) the State was not required to make an election, (2) Fultner requested no hearing on his request for findings and conclusions, (3) there is no adequate reason given on which to find the evidence insufficient, and (4) attorney fees are not chargeable to an indigent criminal defendant.

*(1)* *The State Was Not Required to Make an Election*

Here, the child victims, S.W. and L.H., testified to various instances of sexual assault, occurring both before and after the date of the offense alleged. In his first two points of error, Fultner contends that the State erred by failing to inform the court on which events of sexual assault it was relying for conviction under the indictment and that the trial court erred by not requiring the State to do so.

In statutory rape cases, the State may introduce evidence that the accused, either prior or subsequent to the date charged, committed other acts of fondling or intercourse on the underage victim. *Martin v. State*, 400 S.W.2d 919, 921 (Tex. Crim. App. 1966); *Lozano v. State*, 266 S.W.2d 147 (Tex. Crim. App. 1954). On a motion of the defendant, the State is required to elect as to which act it will rely on for a conviction. *Bates v. State*, 305 S.W.2d 366, 368 (Tex. Crim. App. 1957). Here, Fultner failed to file a motion to elect, therefore, the State was not required to make an election. *See id.*

Fultner also argues that the trial court erred by not ordering the State to make an election. However, he fails to cite any authority indicating that it is the trial court's duty to *sua sponte* require an election, and we are aware of none. Accordingly, we overrule his first two points of error.

*(2)    Fultner Requested No Hearing on His Request for Findings and Conclusions*

Fultner argues that the trial court erred by not holding a hearing on the motion for findings of fact and conclusions of law. However, because Fultner did not request a hearing on the motion, he has forfeited the right to complain on appeal that the trial court erred in failing to hold such a hearing. *See* TEX. R. APP. P. 33.1(a)(1); *Shannon v. State*, 116 S.W.3d 52, 54–55 (Tex. Crim. App. 2003). As this issue is unpreserved for our review, we overrule this point of error.

*(3)    There Is No Adequate Reason Given on Which to Find the Evidence Insufficient*

Fultner's brief challenges the sufficiency of the evidence in a cryptic section, which reads, in its entirety:

> There being no election by the State as to which event they were relying on, no
> finding of facts by the Court as to which event it was relying on, and there being

no obvious event for the Court to rely on, therefore the evidence is insufficient to support a conviction.

Clearly the evidence is insufficient as presented.

Because this point of error contains neither citations to the record nor citations to any authority, it provides us no adequate reason on which to find that the evidence supporting the jury's verdicts is insufficient. *See* TEX. R. APP. P. 38.1(i); *Tutt v. State*, 339 S.W.3d 166, 172–73 (Tex. App.—Texarkana 2011, pet. ref'd). We see no such reason. Therefore, we overrule this point of error.

*(4)      Attorney Fees Are Not Chargeable to an Indigent Criminal Defendant*

Notwithstanding that trial counsel and appellate counsel were appointed for Fultner, ostensibly on the basis that he was indigent during the trial court proceedings and at the time he began the appeal process, attorney fees were assessed against Fultner in the trial court's judgment.

A trial court may order a criminal defendant to pay the fees of appointed counsel if the court determines that the defendant has resources "to offset in part or in whole the costs of legal services provided . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). Once a defendant has been found indigent, that status is presumed to continue unless the record contains evidence of a material change in those financial circumstances. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2016); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Given that Fultner was initially declared indigent, in the absence of any subsequent evidence or finding of any change in financial condition or that Fultner has recovered from

4

indigency, the assessment of attorney fees against him was improper.  We therefore modify the judgment of the trial court by striking the assessment of attorney fees.

We affirm the judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:      October 25, 2016
Date Decided:        November 4, 2016

Do Not Publish